THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORRIS J. WERNER, Respondent, *v.* WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, Appellants.

First Department, May 1, 1925.

Municipal corporations — building zones — city of New York — certiorari to review action of board of appeals in denying application of petitioner to vary use district regulations prescribed by § 4 of Building Zone Resolution of 1916, as amended, under discretionary power given by § 7, subd. e, and § 20, so as to permit erection of garage for more than five automobiles in business district — board of appeals has discretionary power to vary use district regulations — honest exercise of discretion will not be reviewed by courts — no " practical difficulties or unnecessary hardships " existed demanding variation — existence of other garages and fact that garage may be more profitable is not unnecessary hardship — determination of board of appeals presumed correct — order sustaining certiorari and annulling action of board of appeals reversed.

The board of appeals of the city of New York may, pursuant to subdivision e of section 7 and section 20 of the Building Zone Resolution of 1916, as amended, in its discretion, vary the use district regulations prescribed by section 4 of the

Building Zone Resolution of 1916, as amended, so as to permit the erection of a garage for more than five automobiles within a business district, and if, in the exercise of its honest discretion after a proper hearing, it denies an application to vary the regulations, the courts will not interfere.

The petitioner, who sought to have the board of appeals vary the use district regulations so as to permit him to erect a garage for more than five automobiles within a business district contrary to the provisions of section 4, did not show that the operation of the ordinance presented "practical difficulties or unnecessary hardships" in his case, as that phrase is used in section 20 of the Building Zone Resolution of 1916, as amended, by proof that there were four other garages within the same block and that he could make more profit by using the property for a garage than by using it for some other business.

The board of appeals in determining whether or not it is best to vary the use district regulations must consider the rights of other property owners in the business district with respect to fire hazards, damage to market value of the fee, and damage to the rental value. There is a presumption in favor of the correctness of the determination of the board of appeals.

Accordingly, the action of the lower court in sustaining certiorari to review the action of the board of appeals is reversed and the determination of the board of appeals confirmed.

CLARKE, P. J., and MERRELL, J., dissent.

APPEAL by the defendants, William E. Walsh and others, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 3d day of January, 1925, sustaining a writ of certiorari issued out of the Supreme Court on the 24th day of June, 1924, directed to the defendants William W. Walsh and others, constituting the board of appeals of the city of New York; reversing, setting aside and annulling the decision and determination of said board, which decision denied the application of the relator to permit in a business district the erection and maintenance of a garage for more than five motor vehicles upon premises 2364 Jerome avenue in the borough of The Bronx, and directing the superintendent of buildings of the borough of The Bronx to issue a permit forthwith to the relator as specified in said order.

*George P. Nicholson,* Corporation Counsel [*Willard S. Allen* of counsel; *John F. O'Brien* and *William T. Kennedy* with him on the brief], for the appellants.

*Bennett, Werner & Troutfelt* [*Henry S. Miller* of counsel], for the respondent.

McAVOY, J.:

The proceeding was instituted by the relator to review the decision of the board of appeals by writ of certiorari under the provisions of section 719-a of the Greater New York charter (Laws of 1901, chap. 466, as added by Laws of 1916, chap. 503), notwith-

standing the substitution of the proceeding by certiorari order under said statute and section 1283 *et seq.* of the Civil Practice Act.

The relator is the owner of a plot of ground with the buildings and improvements thereon, ninety-six feet south of One Hundred and Eighty-fourth street on the east side of Jerome avenue, known as No. 2364 Jerome avenue, borough of The Bronx, city of New York.

Sometime in the year 1923 the owner of said premises filed with the superintendent of buildings of the borough of The Bronx an application to permit the erection of a non-fireproof building, two stories in height, with a frontage of 100 feet and a depth of 100 feet, to be occupied as a garage for more than five motor vehicles on his said premises 2364 Jerome avenue.

On or about January 26, 1924, the said application was denied by said superintendent of buildings upon the ground that the " erection of proposed garage for storage of more than five motor vehicles in business district is contrary to provisions of Building Zone Resolution." The Building Zone Resolution of July 25, 1916, as amended, is involved in this case.

Thereafter and on or about February 15, 1924, the relator filed a notice of appeal with the board of appeals from the decision of the said superintendent of buildings, which called for a variation from the requirements of section 4 of the Building Zone Resolution, under the discretionary power vested in said board by section 7, subdivision (e), and section 20 of the Building Zone Resolution. This appeal sought a permit to erect a public garage in accordance with the plans filed under the notation in the bureau of buildings, " N. B. 2754 — 1923." The board of appeals heard the matter at its regular meeting on May 27, 1924, after notice had been given, and the decision of the superintendent of buildings was affirmed and the application denied by a resolution adopted by the board of appeals on May 27, 1924.

The property owners in this business district seriously objected to the granting of relator's application. There were fourteen affidavits filed on behalf of such property owners objecting to the granting of said application and stating their reasons therefor, which were substantially that additional garages in the neighborhood would further depreciate their properties' values. The records of the board of standards and appeals show that on the west side of Jerome avenue, between One Hundred and Eighty-third and One Hundred and Eighty-fourth streets, there are four garages, and that the permits for the erection thereof were granted pursuant to resolutions of the board of appeals, after the adoption of the Building Zone Resolution.

On June 24, 1924, the relator procured a writ of certiorari to be issued to the defendants, appellants, constituting the board of appeals, to review the decision and determination of said board.

At Special Term, Bronx county, the said writ was sustained upon the merits and the decision and determination of the board of appeals was in all respects annulled and reversed by order of the court. The board of appeals feels aggrieved by that order. We think it was an erroneous determination. The law giving power to permit the erection of a garage in a business district is found in section 4 of the Building Zone Resolution of 1916, as amended on December 21, 1917, which reads as follows:

§ 4. Business Districts. (a) In a business district no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used, for any of the following specified trades, industries or uses: * * *

" (15) Garage for more than five motor vehicles, not including a warehouse where motor vehicles are received for dead storage only, and not including a salesroom where motor vehicles are kept for sale or for demonstration purposes only." (See Minutes Bd. Est. & Apport. City of N. Y. 1916, vol. 5, p. 4244; Id. 1917, vol. 8, p. 7420; Cosby's Code of Ordinances [Anno. 1924], pp. 625, 626.)*

Nobody now contests the rule that the use of property may be reasonably regulated by the State.

The provisions of the Building Zone Resolution prohibit the erection and maintenance of a garage for more than five motor vehicles in a business district, unless for reasons satisfactory to the board of appeals.

The mere fact that there are four garages on the westerly side of Jerome avenue, between One Hundred and Eighty-third and One Hundred and Eighty-fourth streets, which have been erected under permits granted by the board of appeals since the adoption of the Building Zone Resolution on July 25, 1916, affords no valid reason for urging that respondent has a right to a permit to erect and maintain a garage for more than five motor vehicles on the easterly side of Jerome avenue, between One Hundred and Eighty-third and One Hundred and Eighty-fourth streets.

The duty of regulation presupposes that there will be some limit to the number of garages on one block. The rights of other property owners in this business district must be considered and respected in regard to fire hazards, damages to the market value of the fee and damage to the rental value.

Since the board of appeals is vested with power to exercise dis-

---

* See, also, Building Zone Resolution of October 3, 1924, § 4; Cosby's Code of Ordinances (Anno. 1925), pp. 639, 640.— [Rep.

cretion on applications made to it under section 7, subdivision (e), and section 20 of the Building Zone Resolution, we do not think the court ought to interfere with the conduct of what amounts to an administrative function, excepting where discrimination has been surely exercised or discretion gravely abused.

" The exercise of such power, within constitutional limitations, depends largely upon the discretion and good judgment of the municipal authorities, with which the courts are reluctant to interfere." (*Lincoln Trust Co.* v. *Williams Building Corporation,* 229 N. Y. 313, 317.)

Sections 7 and 20 of the Building Zone Resolution of 1916, as respectively amended on December 21, 1917, and on June 6 and 20, 1919, read in part as follows:

" § 7. Use District Exceptions. The Board of Appeals, created by chapter 503 of the Laws of 1916, may, in appropriate cases, after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the use district regulations herein established in harmony with their general purpose and intent as follows:   *   *   *

" (e) Permit in a business district the erection or extension of a garage or stable in any portion of a street between two intersecting streets in which portion there exists a garage for more than five motor vehicles or a stable for more than five horses at the time of the passage of this resolution."

" § 20. Rules and Regulations; Modifications of Provisions. The Board of Standards and Appeals, created by chapter 503 of the Laws of 1916, shall adopt from time to time such rules and regulations as they may deem necessary to carry into effect the provisions of this resolution. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution the Board of Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done.   *   *   *." (See Minutes Bd. Est. & Apport. City of N. Y. 1916, vol. 5, pp. 4245, 4246, 4250; Id. 1917, vol. 8, p. 7422; Id. 1919, vol. 4, pp. 2687, 2970; Cosby's Code of Ordinances [Anno. 1924], pp. 627, 628, 636, 637.)*

These sections of the resolution are sustained by sections 242-b and 718-d of the Greater New York charter (respectively added by Laws of 1914, chap. 470, and Laws of 1916, chap. 503), as amended by chapter 601 of the Laws of 1917, which in part read as follows:

---

* See, also, Building Zone Resolution of 1924, § 7, subd. (e), as amd.; Id. § 21; Cosby's Code of Ordinances (Anno. 1925), pp. 642, 651.— [REP.

" § 242-b. * * * Said regulations of the Board of Estimate and Apportionment may provide that the Board of Appeals may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules therein contained." *

" § 718-d. * * * They [Board of Appeals] shall also hear and decide all matters referred to them or upon which they are required to pass under any resolution of the Board of Estimate and Apportionment adopted pursuant to sections two hundred and forty-two-a and two hundred and forty-two-b of this chapter."

Section 20 of the Building Zone Resolution says that the board of appeals " shall have power in a specific case " to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done. This provision does not indicate that a property owner has the right in every case to demand that the provisions of section 4, subdivision (a), paragraph 15, shall be totally abrogated. Section 4, subdivision (a), paragraph 15, constitutes the general rule that in a business district no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used, for a garage for more than five motor vehicles, except for dead storage or for purposes of sale or demonstration. The cases that are appropriate or inappropriate for the exercise of the board's power to vary the application of the general rule are left to the discretion of the board, of course, subject to review of its fairness and discretion by the Supreme Court. (Greater N. Y. Charter, § 719-a, as added *supra.*)

There were no " practical difficulties or unnecessary hardships " demonstrated at the hearing which justified relator in his request to be exempted from the general rule. The mere fact that a garage is more profitable than any other structure is not sufficient evidence of hardship. Neither is the present existence of other garages on the westerly side of Jerome avenue any evidence of hardship under the provisions of section 20 of the Building Zone Resolution. Respondent's property rights are protected by devoting his property to some other lawful business purpose not prohibited by section 4 of the Building Zone Resolution.

While the court has been given express power to review the determination of the board of appeals and to reverse or to affirm wholly or partly, or to modify the decision brought up for review, and may even take additional evidence upon the hearing, there exists, nevertheless, a presumption in favor of the correctness of the determination arrived at by the board of appeals.

* Since amd. by Laws of 1924, chap. 295.— [REP.

In the present case it does not appear from the record that the board abused its discretion, or acted in bad faith, or that its action was unreasonable, arbitrary, discriminatory or illegal in refusing to vary the application of the use district regulation; and in such instance we may not substitute the court's determination for that of the duly constituted municipal authority.

The order sustaining the writ of certiorari appealed from should be reversed, with ten dollars costs and disbursements, the writ dismissed and the determination of the board of appeals confirmed, with fifty dollars costs.

DOWLING and BURR, JJ., concur; CLARKE, P. J., and MERRELL, J., dissent.

Order reversed, with ten dollars costs and disbursements, writ dismissed and determination of the board of appeals confirmed, with fifty dollars costs.