sustaining a writ of certiorari and annulling a determination of the board of appeals of the city of New York refusing the relator a permit to build a garage on the easterly side of Jerome avenue, north of One Hundred and Eighty-third street in the borough of The Bronx. It was contended that the decision of the board of appeals denying a permit to the relator after granting permits to other property owners to erect garages in the same vicinity was a clear abuse of discretion.

*Horace S. Manges* and *Abram I. Elkus* for appellant.

*George P. Nicholson, Corporation Counsel (John F. O'Brien, Willard S. Allen* and *William T. Kennedy* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

The People of the State of New York ex rel. Morris J. Werner, Appellant, *v.* William E. Walsh et al., Constituting the Board of Appeals of the City of New York, Respondents.

*New York city — Zoning Law — determination of board of appeals refusing, in the exercise of discretion, permit to build garage, sustained.*

*People ex rel. Werner v. Walsh,* 212 App. Div. 635, affirmed.

(Argued June 2, 1925; decided July 15, 1925.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 1, 1925, which reversed an order of Special Term sustaining a writ of certiorari and annulling a determination of the board of appeals of the city of New York refusing the relator a permit to build a garage on the easterly side of Jerome avenue between One Hundred and Eighty-third and One Hundred and Eighty-fourth streets in the borough of The Bronx. It was contended that the decision of the board of appeals denying a permit to the relator after granting permits to other property owners to erect garages in the same vicinity was a clear abuse of discretion.

44

*Henry S. Miller* for appellant.

*George P. Nicholson*, Corporation Counsel (*John F. O'Brien, Willard S. Allen* and *William T. Kennedy* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Application of JOSEPH M. RYAN et al., Appellants, *v.* ABRAHAM KAPLAN ét al., Composing the Municipal Civil Service Commission of the City of New York, Respondents.

*New York city — civil service — board of education — jurisdiction of civil service commission to establish grades for employees of board of education not changed by chapter* 680 *of Laws of* 1920.

*Matter of Ryan* v. *Kaplan*, 213 App. Div. 131, affirmed.

(Argued June 2, 1925; decided July 15, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 1, 1925, which reversed an order of Special Term granting a motion for a peremptory order of mandamus to compel the municipal civil service commission of the city of New York to certify the salaries of the petitioners and other employees of the board of education of the city of New York at the rates fixed in the schedule adopted by said board of education June 16, 1920, and amended July 30, 1920. The civil service commission refused to certify salaries at the rates fixed on the ground that they were in excess of the maximum fixed for the grade of position under its rules. The petitioners contended that the Lockwood-Donohue Law (L. 1920, ch. 680) took away from the civil service commission the power to establish grades for the employees of the board of education, and that the fixing of respondents' salaries in excess of the civil service commission's grade by the board of education was not a promotion over which the municipal commission had jurisdiction. The Appellate Division held that the statute made no change in the Civil Service Law or