In the Matter of the Application of Peter Goldenberg, Respondent, for a Certiorari Order against William E. Walsh and Others, Constituting the Board of Appeals of the City of New York, Appellants.

First Department, February 5, 1926.

**Municipal corporations — Building Zone Resolution — application for permission to change store in business district in borough of The Bronx, New York city, to garage — action of board of appeals in denying applicant permission was unreasonable and discriminatory.**

The action of the board of appeals of the city of New York in denying the petitioner permission to change a store located on Webster avenue near One Hundred and Ninety-fourth street in the borough of The Bronx, city of New York, into a garage, was unreasonable and discriminatory, since it appears that although the location was within a business district, the particular location is not such as to attract ordinary businesses, and since it further appears that the board of appeals has, since the Building Zone Resolution took effect, permitted the erection of a garage in the same block and thereby increased the space devoted to garages to forty per cent of the width of the block.

McAvoy, J., dissents, with opinion.

APPEAL by William E. Walsh and others from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 23d day of April, 1925, sustaining a certiorari order directed to William E. Walsh and others, constituting the board of appeals of the city of New York, and reversing, setting aside and annulling the proceedings and determination of said board of appeals referred to in said order.

*George P. Nicholson, Corporation Counsel [William T. Kennedy* of counsel; *John F. O'Brien* with him on the brief], for the appellants.

*Charles B. McLaughlin,* for the respondent.

DOWLING, J. The question involved in this appeal is whether the learned court at Special Term properly sustained the order of certiorari herein and granted the final order reversing the determination of the board of appeals whereby the application of petitioner for a permit to convert his one-story building on Webster avenue near One Hundred and Ninety-fourth street from a store use to a garage use was denied, and which final order directed the superintendent of buildings for the borough of The Bronx, city of New York, to issue the permit for the desired conversion in use of said building.

The rule applicable to proceedings of this nature was thus laid down in *People ex rel. Werner* v. *Walsh* (212 App. Div. 635, 640; affd., 240 N. Y. 689):

" While the court has been given express power to review the determination of the board of appeals and to reverse or to affirm wholly or partly, or to modify the decision brought up for review, and may even take additional evidence upon the hearing, there exists, nevertheless, a presumption in favor of the correctness of the determination arrived at by the board of appeals.

" In the present case it does not appear from the record that the board abused its discretion, or acted in bad faith, or that its action was unreasonable, arbitrary, discriminatory or illegal in refusing to vary the application of the use district regulation; and in such instance we may not substitute the court's determination for that of the duly constituted municipal authority."

In the case now before us, in my opinion the record establishes that the action of the board of appeals was unreasonable and discriminatory.

The record of the petitioner's effort to obtain a permit is as follows: On October 9, 1924, he filed an application with the superintendent of buildings in said borough for a permit to convert the one-story building built upon these premises from its then store or business use to that of a garage for the storage of more than five motor vehicles in a business district, pursuant to the provisions of the

First Department, February, 1926. [Vol. 215

Building Zone Resolution. On October 10, 1924, the Superintendent of Buildings denied the application. An appeal was taken to the board of appeals of the city of New York to secure a reversal of the action of the superintendent of buildings and for a permit to allow the alteration of the premises from stores to a garage for more than five motor vehicles, in accordance with section 7, subdivision (e), and section 20 of the Building Zone Resolution. At the time of the application said section 20 had been revised into section 21 of the Building Zone Resolution of October 3, 1924. The owners of twelve pieces of property within the zone affected filed verified objections to any variation of the zoning use and to the granting of petitioner's application. A public hearing was held. The board of appeals denied the application.

The facts are as follows: Petitioner is the owner of premises known as 2637 to 2645 Webster avenue, borough of The Bronx, city of New York, located on the westerly side of the avenue between One Hundred and Ninety-fourth and One Hundred and Ninety-fifth streets. The lot is 100 feet in width and 85 feet in depth. Upon this is erected a one-story building faced with white brick, at present containing space for seven stores, of which but one has been let. The situation of the surrounding property is thus shown in the petition, confirmed by the plan forming a part of the record:

" 15. That the property on Webster Avenue north of the proposed garage is occupied almost entirely by garages, stone yards, coal yards, freight yards, lumber yards, building material sheds and a police station. All of these establishments are contiguous to the New York Central & Hudson River Railroad tracks which run along on the easterly side of Webster Avenue.

" 16. That on the northwest corner of East 194th Street and Webster Avenue there stands a five-story tenement house without stores. Immediately north of this on the same side, to wit, the west side, is a fifty year old dilapidated frame building, which at the present time is on the market for sale. North of this is the building containing stores to be altered and converted, which is the subject matter of this proceeding. North of this store building is a 10 x 20 frame wooden building used as an office. North of this is a 100 foot front public garage. North of this garage and adjoining it is another 100 foot front public garage. North of this second garage and at the southwest corner of East 195th Street and Webster Avenue is a one-story building containing three (3) vacant stores. From these facts it can be seen that this whole section of Webster Avenue between 194th Street and 197th Street is not conducive to businesses that would warrant the letting of the stores."

The garage now conducted at 2659 Webster avenue was erected

in 1907, and altered in 1913.   The garage at 2651–2657 Webster avenue was erected March 23, 1921, pursuant to permission given by the board of appeals after the passage of the Building Zone Resolution. This action of the board of appeals made the total frontage of garage property on this block 201.66 feet.   The chairman of the board of appeals recognized this when he stated at the close of the public hearing: " Gentlemen, the basis of appeal is established, unquestionably, by action of the Board in two other cases; and the question before the Board now is whether or not it would be a proper adjustment of this man's rights to permit him to change the use and alter the building from a store building to a public garage."

In front of the block in question there is an elevated structure, and the east side of the avenue is occupied by the New York Central right of way, the tracks of the railroad at that point being depressed. It is contended that this block on Webster avenue by reason of its physical situation can never be successfully used for business purposes.   It is conceded that Decatur avenue, the next to the west, which has none of these drawbacks, is a business street; and it is claimed that there is no residential section to draw on to create business for this block.   This is claimed to be shown by the fact that the previous owner of the property in question lost the same through foreclosure; that of the seven stores therein, but one has been rented; and that tenant is willing and anxious to vacate at any time.

The petition further shows, without contradiction: " 17. The section lying between Decatur Avenue and west to the Grand Concourse is occupied mainly for residential purposes and contains a large number of inhabitants and there are not sufficient garages to meet the needs of the inhabitants who own automobiles in this locality.   That the garages in the immediate vicinity are filled. That the two garages on Webster Avenue just north of the proposed garage, although of large dimension, are filled to capacity."

The so-called " hearing " before the board consists principally of colloquy between the chairman and an objecting property owner who owned the lot known as 2649 Webster avenue, twenty-five and twelve one-hundredths feet in width by an average of eighty-two feet in depth, on a portion of the front of which there is a one-story frame office building.   He already has a garage to the north of him, and not unnaturally did not favor another garage to the south. He had not opposed the application for the last garage erected there.   Much of the dialogue between the chairman and this objector was devoted to a discussion of general garage conditions in The Bronx, having nothing whatever to do with the merits of the application then pending, but winding up in a statement by the chairman that unless the issue of permits for garages ceased, The

Bronx would have to be called " The Garage Borough," and with criticism of some decision of an unnamed Supreme Court judge, which the objector in question, who obviously from the record was an attorney, promised to appeal.

Having in view the physical character of this block, its unsuitability for business purposes, the existence of a railroad right of way opposite it and an overhead elevated structure and the fact that by the prior action of the board of appeals the amount of the block devoted to garage use was increased to forty per cent of the total width of the block, I am of the opinion, as before stated, that the action of the board in denying petitioner's application was unreasonable and discriminatory, and that the order appealed from should be affirmed, with ten dollars costs and disbursements.

Clarke, P. J., Finch and Martin, JJ., concur; McAvoy, J., dissents.

McAvoy, J. (dissenting). The respondent, Peter Goldenberg, is the owner of the premises on the westerly side of Webster avenue, about 130 feet north of East One Hundred and Ninety-fourth street and numbered from 2637 to 2645 Webster avenue, borough of The Bronx. In 1916 a one-story structure was erected thereon and has ever since been used for business for seven stores. Respondent applied to the superintendent of buildings for a permit to alter and convert the existing business building into a garage for more than five cars. His application was denied on the ground that such use is contrary to the provisions of the Building Zone Resolution.

Article 2, section 4, of the Building Zone Resolution reads as follows:

" § 4. Business Districts. (a) In a business district no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used, for any of the following specified trades, industries or uses:   *   *   *

" (15) Garage for more than five motor vehicles, not including a warehouse where motor vehicles are received for dead storage only, and not including a salesroom where motor vehicles are kept for sale or for demonstration purposes only."

An appeal was taken to the board of appeals and a variation asked of the application of the requirements of article 2, section 4, under the discretionary power vested in that board by section 7, subdivision (e), and section 20 of the Building Zone Resolution. When the application for such variation was made said section 20 had been revised into section 21 of the Building Zone Resolution of October 3, 1924. Twelve property owners filed affidavits against the appeal. The board denied it.

According to the use district map accompanying the Building Zone Resolution adopted July 25, 1916, and revised October 3, 1924, as amended, pursuant to sections 242-a and 242-b of the Greater New York charter (Laws of 1901, chap. 466, added by Laws of 1914, chap. 470, as amd. by Laws of 1916, chap. 497; Laws of 1917, chap. 601, and Laws of 1924, chap. 295), Webster avenue and East One Hundred and Ninety-fourth street are located in a " business " district. In front of the property there is an elevated structure. On the northwest corner of East One Hundred and Ninety-fourth street and Webster avenue stands a five-story apartment house without stores. North of this is the building in litigation to be altered. North of this is a 10 by 20-foot frame building used as a law office. North of this is a 100-foot front public garage. North of this and adjoining it is another 100-foot front public garage. Decatur avenue to the west is occupied mostly for residential purposes.

The owner obtained an order of certiorari, pursuant to section 719-a of the Greater New York charter (as added by Laws of 1916, chap. 503)* and section 1283 *et seq.* of the Civil Practice Act, to review the board's determination. At Special Term the certiorari order was sustained and the determination of the board annulled.

It seems to me that the affirmance of this order repudiates our decision in *People ex rel. Werner* v. *Walsh* (212 App. Div. 635; affd., 240 N. Y. 689). The basis of the affirmance of this order is that discrimination is shown in denying petitioner the privilege of improving his property with a garage. But there will always be a point at which this legitimate discrimination must be exercised in refusing further permits to vary the application of the Building Zone Resolution adopted to preserve the use of property in a restricted district for business or residence uses; and whether or not such permits should be issued is committed by statute to the board of appeals. The court should not, as we have heretofore decided in the *Werner* case, attempt to exercise a function for which it has neither the requisite information nor the personal knowledge necessary to act for the preservation of the surrounding territory designed to be protected in the use to which the Building Zone Resolution committed it.

I, therefore, dissent and vote to reverse the order and confirm the determination of the board of appeals.

Order affirmed, with ten dollars costs and disbursements.

---

* Since amd. and superseded by New York Local Laws of 1925, No, 13, § 6. See Id. § 10.— [REP.