In the Matter of the Application of FORDHAM MANOR REFORMED CHURCH and Others, Respondents, for a Certiorari Order against WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, Appellants, Impleaded with SAMUEL MARER, Intervenor, Appellant.

First Department, June 4, 1926.

**Municipal corporations — zoning ordinances — action of board of appeals of city of New York on questions of fact will not be disturbed on appeal — Appellate Division will consider jurisdictional defects only.**

On an appeal from an order sustaining a certiorari order and restraining and annulling the determination of the board of appeals of New York city in reference to the application of zoning ordinances, the Appellate Division will not disturb findings of fact made by the board of appeals, and will not review the determination of said board unless there are presented jurisdictional defects.

WAGNER and McAVOY, JJ., dissent, with opinion.

APPEAL by the defendants, William E. Walsh and others, constituting the board of appeals of the city of New York, and by the intervenor, Samuel Marer, from an order of the Supreme Court,

made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 11th day of February, 1926, sustaining upon the merits the certiorari order obtained by the petitioners, and reversing and annulling the determination of the board of appeals granting to the owner of premises in question (intervenor, appellant herein) a permit for the erection and maintenance of a garage for the storage of more than five motor cars on premises 2621–2631 Aqueduct avenue, borough of The Bronx.

*J. Joseph Lilly* of counsel [*William T. Kennedy* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the appellants William E. Walsh and others.

*Monroe Goldwater* of counsel [*Norman B. Kuklin* with him on the brief; *Deiches, Goldwater & Flynn*, attorneys], for the intervenor, appellant.

*John N. Regan* of counsel [*Charles R. Barrett* with him on the brief; *Regan & Barrett*, attorneys], for the respondents.

CLARKE, P. J. In *Matter of Goldenberg* v. *Walsh* (215 App. Div. 396) this court affirmed a final order sustaining the order of certiorari and annulling the proceedings and determination of the board of appeals, in an opinion by Mr. Justice Dowling, three of the justices concurring. The court said: " Having in view the physical character of this block, its unsuitability for business purposes, the existence of a railroad right of way opposite it and an overhead elevated structure and the fact that by the prior action of the board of appeals the amount of the block devoted to garage use was increased to forty per cent of the total width of the block, I am of the opinion, as before stated, that the action of the board in denying petitioner's application was unreasonable and discriminatory, and that the order appealed from should be affirmed."

Mr. Justice McAvoy dissented, saying: " It seems to me that the affirmance of this order repudiates our decision in *People ex rel. Werner* v. *Walsh* (212 App. Div. 635; affd., 240 N. Y. 689). The basis of the affirmance of this order is that discrimination is shown in denying petitioner the privilege of improving his property with a garage. But there will always be a point at which this legitimate discrimination must be exercised in refusing further permits to vary the application of the Building Zone Resolution adopted to preserve the use of property in a restricted district for business or residence uses; and whether or not such permits should be issued is committed by statute to the board of appeals. The court should not, as we have heretofore decided in the *Werner* case, attempt to exercise

a function for which it has neither the requisite information nor the personal knowledge necessary to act for the preservation of the surrounding territory designed to be protected in the use to which the Building Zone Resolution committed it. I, therefore, dissent and vote to reverse the order and confirm the determination of the board of appeals."

The Court of Appeals reversed upon the dissenting opinion of Mr. Justice McAvoy, above quoted. (242 N. Y. 576.) This court is an intermediate appellate tribunal, and its duty is to follow the decision of the Court of Appeals, whether it agrees with it or not. Until that learned court recedes from or modifies its opinion adopting the dissenting opinion above quoted as its own, I think we are bound by it.

It seems to us that there is a precise determination that the board of appeals is vested with authority to determine finally on questions of fact involved in an application to it which is not to be reviewed by the court unless there are presented jurisdictional defects.

It follows that the order appealed from should be reversed, the order of certiorari dismissed, and the determination of the board of appeals affirmed.

DOWLING and MERRELL, JJ., concur; McAVOY and WAGNER, JJ., dissent.

WAGNER, J. (dissenting). The proposed garage site is a part of a parcel of land hereinafter described, purchased by Samuel Marer (intervenor, appellant herein) on December 18, 1923, and is situated on the westerly side of Aqueduct avenue distant 86 feet and 7 inches southerly from the corner formed by the intersection of West Kingsbridge road and Aqueduct avenue West, having a frontage of 150 feet and a depth of 109.25 feet and known as No. 2621–2631 Aqueduct avenue West, Bronx.

The use district map accompanying the Building Zone Resolution adopted July 25, 1916, described the West Kingsbridge road as being in a business district, and Aqueduct avenue and University avenue as being in residence districts. Such designation has since remained unchanged on the use district maps.

On December 18, 1923, the intervenor, Samuel Marer, purchased a parcel of vacant land which includes the proposed garage site, of which the following is a description: " Beginning at a point at the intersection of West Kingsbridge Road and Aqueduct Avenue, running thence southerly along the westerly side of Aqueduct Avenue 241.3 feet, running thence westerly and at right angles to Aqueduct Avenue, to University Avenue 205.7 feet, running thence northerly along the easterly side of University Avenue 60 feet,

running thence easterly 98.9 feet, running thence northerly to West Kingsbridge Road 153.07 feet, running thence easterly along the southerly side of West Kingsbridge Road 112.35 feet to the point or place of beginning.''

Between July 25, 1916, and December 18, 1923, when Mr. Marer made such purchase, no variation from the Building Zone Resolution requirements had been granted or made in any part of the entire city block in question and it remains in respect to Aqueduct avenue and University avenue strictly a residential use district.

In about the year 1913, which was several years prior to the enactment of the Building Zone Resolution (enacted July 25, 1916), an existing stable situated in this block had been altered, and ever since its alteration has been maintained and operated as a public garage, having a capacity of about 180 cars. This stable was a one-story structure, and immediately adjoins the site of the proposed garage upon the south, and is erected on a plot having a frontage both on Aqueduct avenue and on University avenue of 62 feet 5 inches in width and runs for a distance of 205.7 feet through the entire block from Aqueduct avenue to University avenue.

On January 21, 1924, one month after he had made his purchase, Mr. Marer submitted plans for the erection of a public garage on premises known as No. 2616 University avenue, being a plot 60 feet front and rear, with a depth of 205.7 feet running through from University avenue to Aqueduct avenue.

On April 22, 1924, the superintendent of buildings of The Bronx denied this application on the ground that the erection of a public garage in a residence district was prohibited by the Building Zone Resolution.

Promptly, and on April 25, 1924, Mr. Marer appealed to the board of appeals and the matter came on for hearing before the board on July 8, 1924. All the parties named herein as petitioners (respondents) appeared at the hearing and made objection, and thereupon Mr. Marer caused such application to be withdrawn.

On September 18, 1924, Mr. Marer submitted plans for the erection of a one-story building, consisting of five stores on premises known as No. 2616 University avenue, upon a plot sixty feet front and approximately ninety-six feet in depth. The superintendent of buildings of The Bronx denied this application the same day it was submitted (September 18, 1924), as a prohibited use in a residence district.

On October 12, 1924, Mr. Marer appealed to the board of appeals for a variation and thereafter and on or about February 3, 1925, over the objection of the Home for Hebrew Infants of the City of New York (one of the petitioners herein), the board of appeals

granted Mr. Marer permission to erect a one-story building on such premises to be occupied by stores, but limited their use to retail merchandising.

On February 24, 1925, Mr. Marer applied to the superintendent of buildings of The Bronx for a permit to erect a public garage on the premises in question, Nos. 2621–2631 Aqueduct avenue, The Bronx, which application was denied by the superintendent of buildings on February 26, 1925, on the ground that the erection of a public garage in a business and residence district was contrary to the Building Zone Resolution.

On March 16, 1925, Mr. Marer appealed to the board of appeals for a variation, and thereafter and on or about May 26, 1925, a hearing was had before the board which resulted in the granting of the application.

The petitioners herein, who appeared and made objection before the board, feeling aggrieved, secured an order of certiorari, which was considered by the court below, and on February 10, 1926, the order appealed from was made, which order sustained the order of certiorari upon the merits and reversed and annulled the determination of the board of appeals.

The owner based his appeal to the board of appeals under section 21 of the Building Zone Resolution, which gives power and authority to the board of appeals as follows: " Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution the board of appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done."

On May 26, 1925, a hearing was had before the board of appeals, at which time the owner, Mr. Marer, was in the following situation: He was the owner of a parcel of vacant property, which had a frontage on West Kingsbridge road of 111.76 feet, and along the westerly side of Aqueduct avenue of 236.07 feet, and also a frontage of 60 feet on University avenue, which he had purchased on December 18, 1923. He was the first owner of any property in this block who had sought to secure a variation from the prescribed uses fixed in the use district maps. His efforts to secure permission to erect a public garage with a 60-foot frontage on both Aqueduct and University avenues, having failed, he succeeded in avoiding the residential use prescribed for University avenue, by securing a permit for the erection of retail stores on a 60-foot frontage on University avenue. West Kingsbridge road being classified as a business district he had the right to erect stores or business build-

ings on the 111.76 feet frontage on West Kingsbridge road to a depth of 100 feet.

Mr. Marer, however, was insistent in his endeavors to secure permission to erect a public garage on Aqueduct avenue, classified as a residence district, and in such district under the Building Zone Resolution, the board of appeals had no authority to grant a variation except under section 21 of the Building Zone Resolution, on the ground that " practical difficulties or unnecessary hardships " require such a variation and change. In fact, his appeal to the board of appeals for a variation was based solely upon and under section 21 of the Building Zone Resolution.

The court below in its opinion stated: " That in this instance there was an abuse of discretion in granting the permit," and accordingly sustained the certiorari order and vacated and set aside the determination of the board of appeals, which had been superseded by the board of standards and appeals. (See N. Y. Local Laws of 1925, No. 13.)

In determining whether the board of appeals properly exercised their discretion under section 21 of the Building Zone Resolution, it is the duty of this court to examine the contents of this record, which is stated to contain all the proceedings had and taken before the board of appeals, and we are not bound by a mere statement and assertion by the board of appeals that " practical difficulties or unnecessary hardships " exist in this specific application, unless and except there was evidence before the board of appeals to support their conclusion. The mere setting up or assertion of a claim before the board of appeals that there exists in a specific case " practical difficulties or unnecessary hardships," without being fairly supported by evidence, is not sufficient basis or ground for corrective action by the board of appeals. There must be something more than a mere assertion of a claim. It must further clearly appear from the record of the proceedings before the board of appeals that the asserted claim has some merit, based upon facts stated in the record.

The fact of the existence of a garage in this block for three years prior to the enactment of the Building Zone Resolution on July 25, 1916, from no point of view can be considered as changing the character of the prescribed use of the frontage of this block on Aqueduct avenue or on University avenue from a residential district use to a business or garage use.

Nor does the mere fact of the existence of such a garage afford a sufficient basis to conclude and determine that " practical difficulties or unnecessary hardships " exist in respect to the adjoining property, that no other use can be made of the same except as a public garage.

This court has held, and so has the Court of Appeals, that the mere fact that the use of property as a garage would be more advantageous than using it as an apartment house or for residence purposes, is wholly insufficient to justify a conclusion that " practical difficulties or unnecessary hardships " exist to the extent of permitting a variation of the fixed district use.   This is so, even in a business district.

The neighborhood surrounding the site of the proposed garage is of a settled residential character, improved for the most part with high class private residences and apartment houses.

In the immediate vicinity of the garage, and in the area affected, are the Home for Hebrew Infants of the City of New York, a charitable institution, upon the premises of which is maintained a hospital, and the Fordham Manor Reformed Church, a religious institution.   Along the easterly side of Aqueduct avenue, opposite the site of the proposed garage, is a strip of land about forty feet wide, used permanently for the Croton aqueduct.

This additional strip has the general appearance of park property and is an advantage to those erecting apartment houses or residences on the west frontage of Aqueduct avenue.   It is open and is used by children for recreation purposes.

The photographic exhibits convincingly emphasize the residential character of the property in the neighborhood and surrounding the site of the proposed garage.

At the hearing before the board of appeals, as disclosed in this record, absolutely no facts were produced in behalf of the owner (the intervenor here) tending to show that in his specific case, unless permitted to erect this garage, he was subjected to " unnecessary hardships " or " practical difficulties."

The record does not even show that a committee of inspection of the board visited the premises in question or made any report concerning the character of the neighborhood.

No real estate expert or other competent witness gave any evidence in respect to any " practical difficulties " or " unnecessary hardships," as to why the premises could not be used to advantage by apartment houses or other buildings or structures permitted in residential districts.

The applicant's sole basis of unnecessary hardship is because of the existing garage which had been built as a stable more than eighteen years, and had been converted into and maintained and operated as a garage since in or about 1913, more than three years prior to the passage of the original Building Zone Resolution of July 25, 1916.

The board states in its answer and return: " The existence of

said garage which accommodates approximately 180 cars is sufficient justification to permit another garage next door."

This is precisely what the board has done by its decision.

Mr. Gunnison, a member of the board, stated: " The hardship is that there is a garage alongside of it," to which Mr. Connell answered: " It has often been said by appellants here before the Board that a garage alongside and opposite gives an apartment house perpetual light and air." Mr. Connell stated that he considered the site very good for an apartment house, and that the site of the Croton aqueduct was an advantage for residential purposes giving " an exceedingly fine outlook for apartment houses."

The language of Mr. Justice McAvoy of this court in *People ex rel. Werner* v. *Walsh* (212 App. Div. 635, 640; affd., 240 N. Y. 689) is directly in point: " There were no ' practical difficulties or unnecessary hardships ' demonstrated at the hearing which justified relator in his request to be exempted from the general rule. The mere fact that a garage is more profitable than any other structure is not sufficient evidence of hardship. Neither is the present existence of other garages on the westerly side of Jerome avenue any evidence of hardship under the provisions of section 20 of the Building Zone Resolution.* Respondent's property rights are protected by devoting his property to some other lawful business purpose not prohibited by section 4 of the Building Zone Resolution."

On this application it is clear that the board of appeals acted upon a mere assertion of a claim that practical difficulties or unnecessary hardships existed without any evidence or facts to justify such a conclusion.

Such action in our opinion is not a proper exercise of the power of discretion that was with the board, but was an abuse of discretion and requires the affirmance of the final order now appealed from.

The order appealed from should be affirmed, with ten dollars costs and disbursements to the respondents against the intervenor, appellant.

McAvoy, J., concurs.

Order reversed, order of certiorari dismissed and the determination affirmed.

---

* Now Building Zone Resolution of 1924, § 21.— [Rep.