In the Matter of the Application by the HOME FOR HEBREW INFANTS OF THE CITY OF NEW YORK and Others, Petitioners, for an Order of Certiorari against HAND REALTY CORPORATION, Intervenor, Petitioner, and WILLIAM E. WALSH and Others, Constituting the Board of Standards and Appeals of the City of New York, Defendants, and SAMUEL MARER, Intervenor, Defendant.

Supreme Court, Bronx County, March 16, 1928.

Municipal corporations — zoning ordinances — decision of board of standards and appeals in granting permission to erect proposed garage in residential section of borough of The Bronx not warranted by evidence — " unnecessary hardships " if compelled to use property for authorized purposes not shown. .

It was error for the board of standards and appeals of the city of New York to grant permission to the defendant for the erection of a proposed garage in a residential section in the borough of The Bronx.

The testimony before the board was not such as to reasonably justify its finding that the applicant would suffer any " unnecessary hardships," within the meaning of section 21 of the Zoning Resolution, if compelled to use his property for authorized purposes within the meaning of the Zoning Resolutions which exclude the erection of a garage. Consequently, the permit granted should be vacated.

Certiorari to review decision of the board of standards and appeals under section 719-a of the Greater New York charter, as amended by Local Law No. 13, enacted by the municipal assembly and approved by the mayor on June 19, 1925.

*Regan & Barrett* [*John N. Regan* of counsel], for the petitioners.

*Van Gordon & McLaughlin,* for intervenor, petitioner.

*Deiches, Goldwater & Flynn* [*Maurice Deiches* of counsel], for intervenor, defendant.

*George P. Nicholson, Corporation Counsel* [*William T. Kennedy, Assistant Corporation Counsel,* of counsel], for defendants constituting the board of standards and appeals.

Gibbs, J. The subject-matter of this proceeding was before the Court of Appeals for determination after consideration by the Special Term and Appellate Division of this court (*People ex rel. Fordham M. R. Church* v. *Walsh,* 244 N. Y. 280). Since the filing of the above decision, in which it was laid down that there must be a showing of " unnecessary hardships," the board of standards and appeals granted permission for the second time to the intervenor, defendant, one Samuel Marer, to erect the proposed garage on the westerly side of Aqueduct avenue, 86.7 feet southerly from Kingsbridge avenue, borough and county of Bronx. The plot has a frontage of 150 feet on Aqueduct avenue and a depth of 109.25 feet. It is conceded that 14 feet of this frontage is business district and the rest residential. The location is in a good residential section of Bronx borough. The Court of Appeals held in reversing the original action of the board of standards and appeals that there was no evidence before the board from which it might reasonably be inferred that Mr. Marer would suffer an " unnecessary hardship " if compelled to confine his property to residential purposes in compliance with the Zoning Law. Chief Judge Cardozo, speaking for the court, said: " There must then be a showing of something more, a showing of ' unnecessary hardship.' If such hardship exists, the reasons for its existence should appear from the return. Only thus can a court know whether they are substantial or illusory. The reasons may be made to appear in one or other of two ways. The hardship may be found as an inference from evidence submitted at a hearing. Dealers in real estate or

other qualified experts may show, for illustration, that the land cannot yield a fair income if occupied as a dwelling. The discrepancy, even if not decisive in all cases, would be highly significant in many. At all events, when there is evidence in the record, whatever inferences therefrom are proper will be presumed, in aid of the dispensing resolution, to have been drawn by the board. The statements of the witnesses do not have to comply with the technical requirements applicable to testimony in court. They are not even under oath. It is enough that reasonable men could view them as entitled to probative effect. But the power of the board to do justice informally and promptly is not limited to cases where witnesses have been heard. Without any witnesses at all, it may act of its own knowledge, for, as constituted by the statute (Greater New York Charter, § 718), it is made up of men with special qualifications of training and experience. In that event, however, it must set forth in its return the facts known to its members, but not otherwise disclosed. To characterize the situation as a hardship without more does not tend in any substantial degree to enlighten a reviewing court. There must be disclosure of the facts from which hardship is inferred.

" We find neither evidence at the hearing, nor any statement, equivalent to evidence, by the board in its return, that this land, if not occupied by a garage, is incapable of application to a profitable use. The omission leaves the permit unsupported by the proofs. The court is not informed as a matter of judicial notice that land cannot profitably be improved by an apartment house in sections of modest or humble quality for the mere reason that next door there is a garage a single story high."

The court also held in effect that there are no " practical difficulties " which make it necessary to erect a garage. The authority for the board's action is section 21 of the Zoning Resolution, which reads, in so far as material, as follows: " Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution the Board of Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done."

The pivotal point involved is to be found, therefore, in the question, " Does the testimony before the Board of Standards and Appeals reasonably justify the finding by the Board of ' unnecessary hardship,' or in other words, will the intervenor, defendant, Samuel Marer, suffer any ' unnecessary hardship ' if compelled to use his property for authorized purposes within the

meaning of the resolution which excludes the erection of a garage? " In this connection the word " unnecessary " is highly significant. The law does not undertake to guarantee to any one that upon purchase of real property he will profit, or the extent of his profits. The purchaser buying property in restricted residential districts cannot be heard to complain because of small profits arising from confining him to residential uses of his property. He is presumed to buy with his eyes open.

I am not unmindful of the authority and responsibility vested in the board of standards and appeals, and that the court has no general supervisory authority over its decisions, except under certain circumstances, and also that a presumption exists in favor of the reasonableness and fairness of its decisions. But by the same token, the board is not vested with despotic and arbitrary powers. It must act intelligently and fairly and within the domain of reason. If its conclusions are unreasonable as a matter of law, the court may nullify its acts.

In my opinion, the evidence before the board on behalf of the intervenor, defendant, is so utterly vague, conjectural and generally lacking in probative force, as to be of no value when weighed in the balance as against the many affidavits submitted by the intervenor, petitioner. Under the evidence no question was presented about which reasonable men might differ. The interests of the other property owners in the neighborhood, who bought their property for residential purposes and who would by the erection of another garage at their back door be very seriously affected and prejudiced, must be given consideration. The contention that one garage already exists in this location as justification for the board's action does not appeal very strongly in the light of the conceded fact that the existing garage was erected prior to the enactment of the Zoning Resolution.

The objecting property owners who have selected this neighborhood as a quiet residential district in which to live and bring up their children are entitled to the protection of the court. The Zoning Resolution is a healthy and salutary provision designed for the benefit of the community and to protect the health and general welfare of the public, and not for the benefit of real estate speculators. The court takes judicial cognizance of the ever-increasing encroachment of garages upon the peace and health of the community, and the daily holocaust of victims in residential portions of the city. The practice of buying sites in restricted districts in the lively hope that the board may find that it would be an " unnecessary hardship " to compel the erection of a residence or residences should not be encouraged. Such buyers must be con-

tent with reasonable returns on their investments instead of gambling for the " big stakes " which follow modifications, to the great discomfort, danger and inconvenience of hundreds of other people making up the neighborhood.

There is no proof worthy of consideration, as I view the record, " that the land cannot yield a fair income if occupied as a dwelling," a necessary requirement under the decision of the Court of Appeals in this very case. (*People ex rel. Fordham M. R. Church* v. *Walsh, supra.*) The following occurs in the record, under cross-examination: " The expert: I would not say that I could not rent it [referring to apartment in place of garage]. You could rent anything, but you could not rent it at a rental value that would yield a profit."

It is worthy of note that the expert does not give the figures at which the prospective apartments could be rented. It is inconceivable by any intelligent reasonable standard that the property being what it is and in that fine residential neighborhood, would fail to yield a fair legitimate profit. As was said by Mr. Justice McAvoy in *People ex rel. Werner* v. *Walsh* (212 App. Div. 635; affd., 240 N. Y. 689): " There were no ' practical difficulties or unnecessary hardships ' demonstrated at the hearing which justified relator in his request to be exempted from the general rule. The mere fact that a garage is more profitable than any other structure is not sufficient evidence of hardship."

The board of standards and appeals should make its determinations on the basis of these fundamental principles.

To the same effect, the *per curiam* opinion of the Appellate Division in the First Department in *Matter of Stillman* v. *Board of Standards & Appeals* (222 App. Div. 19): " The petitioner appeals from an order of certiorari annulling the determination of the board of standards and appeals granting a permit to erect an office building in a residential district. The board seems to have assumed that this modification of the Zoning Resolution for the benefit of a single property owner could be made because it was advantageous to the particular owner. The number of appeals to this court in this class of cases prompts us to restate that there is no power in the board of standards and appeals to vary zoning requirements for any such reason. It may vary ' where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions ' of the resolution ' so that the public health, safety and general welfare may be secured and substantial justice done.' (Building Zone Resolution, § 21.) These are the only criteria by which it must make its decision; whether the property under consideration is more suitable for a forbidden use than for a permitted one is

immaterial. Thus, in the instant case the property in question was purchased as restricted property. It clearly appears that it has not substantially depreciated in value. Unquestionably a large profit would come to the owner if the restriction were removed, but it does not follow that he loses unjustly because it is not removed."

My conclusions are that the evidence adduced upon the hearing before the board of standards and appeals was insufficient to justify granting the application of the intervenor, defendant. The order of certiorari herein is sustained, and the action of the board of standards and appeals reversed and set aside, with ten dollars costs.