In the Matter of the Application of FORT TRYON ARMS, INC., Petitioner, against WILLIAM E. WALSH, Chairman of the Board of Standards and Appeals, and Others, Respondents.

Supreme Court, New York County, December 10, 1928.

Harry A. Schwartz, for the petitioner.

George P. Nicholson, Corporation Counsel [Benjamin Millstein of counsel], for the respondent the Board of Standards and Appeals.

FRANKENTHALER, J. Petitioner has obtained an order of certiorari to review the denial by the Board of Standards and Appeals of its application for a variation from the requirements of the Labor Law as cited in two orders of the fire commissioner. Respondents move for a final order dismissing the order and confirming the determination of the board. The cigar stand and lunch counter which the petitioner has been directed to remove are " on the landings, platforms or passageways connected " with stairways in petitioner's factory building and, therefore, violate rule 5 of the Board of Standards and Appeals, adopted July 29, 1924, pursuant to authority conferred by section 718-a, Greater New York charter (added by Laws of 1916, chap. 503). It may be that even while the cigar stand and lunch counter remain, the size of the passageways to the street are at no point smaller than that required by law. Yet the rule appears to have been intended, in part at least, to prohibit all combustible materials from any stairway or the landings or passageways connected with it. The history of the rule, as well as its present title, seem to evince that very purpose. The court can take judicial notice of the fact that cigar stands and lunch counters contain combustible materials. It is not unlikely that in the event they become ignited they may prove to be a serious fire hazard to occupants of the building attempting to reach the street. That petitioner concedes that the stand and counter violate rule 5 is indicated by the fact that it pleaded guilty in the Magistrate's Court and then petitioned the Board of Standards and Appeals for a variation. Peti-

tioner did not take the position that the stand and counter were legal under the existing law and rules. As to the claim that petitioner was entitled to a variation because of hardships and for other reasons, it is only necessary to observe that the board is vested with a wide discretion and that no satisfactory reason is suggested for interfering with the board's determination. (*People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280.) As Mr. Justice McAvoy so aptly said in *Matter of Goldenberg* v. *Walsh* (215 App. Div. 396, 401; revd., on dissenting opinion by McAvoy, J., 242 N. Y. 576): " The court should not  *  *  *  attempt to exercise a function for which it has neither the requisite information nor the personal knowledge necessary  *  *  *." Nor can petitioner find solace in the fact that an application to vary on certain conditions was granted to the owner of another building in what petitioner alleges were similar circumstances. Chief Judge CARDOZO pointed out in *People ex rel. Fordham M. R. Church* v. *Walsh* (*supra*, 290) that " the question was not ' whether some one else ' had ' been favored.' The question was ' whether the petitioner ' had been ' illegally oppressed '  *  *  *." (See, also, *Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288, 304.) Petitioner urges also that the fireproof sliding doors do not violate the law. I cannot agree. They appear to be in direct contravention of section 270, subdivision 5, of the Labor Law. It is immaterial that they may ordinarily be left open and that they are customarily closed only when the building is unoccupied. The possibility that the usual procedure may on occasions be departed from is sufficient to condemn the doors as a potential fire hazard. For the reasons indicated, the motion to dismiss is granted and the determination of the Board of Standards and Appeals confirmed.