In the Matter of the Application of TISHMAN REALTY & CONSTRUCTION Co., INC., and Others, for a Certiorari Order against WILLIAM E. WALSH and Others, Constituting Board of Standards and Appeals of City of New York (VINCENT J. SLATTERY CONST. Co., INC., Intervenor).

Supreme Court, New York County, November 13, 1929.

316

*Schreiber, Myers & Buchler*, for the petitioner.

*Hartman, Sheridan & Tekulsky*, for the intervenor Vincent J. Slattery Construction Company.

*Arthur J. W. Hilly, Corporation Counsel*, for the Board of Standards and Appeals.

TOWNLEY, J. Certiorari to review decision of the board of standards and appeals under section 719-a of the Greater New York Charter (Laws of 1901, chap. 466), added by Laws of 1916, chapter 503, as amended. Prior to January 18, 1929, the owner of premises Nos. 23 and 25 East Seventy-fourth street, Manhattan, which is a plot 50 feet in width front and rear with a depth of 102 feet, 2 inches, situated on the northerly side of East Seventy-fourth street at a point beginning 50 feet west of the westerly side of Madison ave-

nue, had erected on said premises a fifteen-story fireproof building occupied as an apartment hotel. This apartment hotel building was 150 feet in height, and had a setback at 120 feet in its height. On January 18, 1929, the owner of said apartment hotel, also being the owner of a parcel of land immediately adjoining on the west, known as No. 21 East Seventy-fourth street, being a plot beginning 100 feet west of the northwest corner of Madison avenue and East Seventy-fourth street, which plot was 20 feet in width front and rear and 102 feet 2 inches in depth on each side, caused an application to be made to the superintendent of buildings for approval of certain plans then submitted to erect a fifteen-story extension to the existing building.

This application was disapproved on January 25, 1929, by the superintendent of buildings, upon the objection, among others, that " height of building exceeds height limitations as per article 3 Building Zone Resolution." Thereafter the owner appealed to the board of standards and appeals under section 21 of the Building Zone Resolution for a variation of the Building Zone Resolution in regard to height districts. The board of standards and appeals, after a hearing, by unanimous vote passed and adopted the following resolution: " Whereas it is proposed to erect a 20-foot extension for the development of an apartment house occupancy as an addition to an existing adjoining 50-foot wide building, the motion is to grant the application only so far as it affects the street wall setback requirements on condition that the setbacks of the proposed 20-foot extension shall be on the same lines as existing 50-foot structure; that the proposed building shall comply with the Zoning Law in all other respects, and that all permits shall be obtained within six months and any work involved shall be completed within one year from the date of this action."

The petitioners contend that the adoption of this resolution by the board of standards and appeals granting a variation as to height was in excess of the power of said board and an abuse of its discretion. The respondents, on the other hand, move for final order dismissing the order of certiorari and confirming the determination of the board. The district maps show that East Seventy-fourth street is located in a residence district, and Madison avenue is in a business district. Madison avenue is 80 feet wide and Seventy-fourth street is 60 feet wide. According to the height district maps East Seventy-fourth street and Madison avenue are both located in a one and one-half times district at this point. Article 3, section 8, paragraph (f), reads as follows: " In a one and one-half times district no building shall be erected to a height in excess of one and one-half times the width of the street, but for each one foot that the building or a por-

tion of it sets back from the street line three feet shall be added to the height limit of such building or such portion thereof." Article 3, section 9, paragraph (b), of the Building Zone Resolution, entitled " height district exceptions," provides: " Along a narrower street near its intersection with a wider street, any building or any part of any building fronting on the narrower street within 100 feet, measured at right angles to the side of the wider street, shall be governed by the height regulations provided for the wider street. A corner building on such intersecting streets shall be governed by the height regulations provided for the wider street for 150 feet from the side of such wider street, measured along such narrower street."

The board of standards and appeals, in its return filed pursuant to the order of certiorari herein, states, among other things: " *Fifth.* (4) The excess height permitted under this appeal amounts to a very small gore or wedge shaped portion of the front of the building which will be located at the extreme westerly end of the completed structure above the 90-foot height limit. The extent of said excess is shown on the drawings attached to the record. (5) The setback of the present building commences at a height of 120 feet, which is permitted by law, whereas technically and according to the strict letter of the law the setback of the said addition would have to commence at a height of 90 feet, that being one and one-half times the width of East Seventy-fourth street, and the said board permitted the setback of the said addition to be in conformity with the present building, thereby permitting the setback to commence also at 120 feet instead of restricting it to the height of 90 feet, the increase amounting to only 30 feet, and it is the space between the proposed setback and the setback as demanded by the petitioners which is in question in this proceeding. (6) The total distance from the corner of Madison avenue to the westerly lot line of said addition will be 120 feet; and it is undisputed that if the corner parcel of 50 feet had been included with the present premises, plus said addition, an appeal for a variation of the height district regulation would not be necessary as such condition would permit of the 120-foot height without a setback for a frontage of 150 feet on East 74th street according to section 9, subdivision b, of the height district exceptions. *Sixth.* That the objection of the petitioners was not directed against the construction of the fifteen-story addition to the present building, but consisted of the claim that the setback of the upper stories should be slightly greater than has been allowed by the board of standards and appeals, which increased setback would not benefit petitioners, and which setback as allowed by said board would not harm said petitioners, whereas if said increased setback were to be required,

the proposed addition would not be in harmony with the present structure of which it will become a component part constituting one entire building, but would be out of harmony with it in its architectural design and appearance and would create a discord and inharmonious aspect, and in that respect would be a detriment to the neighborhood. *Seventh.* That it was found and determined by this board that if the contour of facade of said addition were not kept in harmony with the present structure to which it is to be added, that an intricate design would have to be worked out in the steel work and masonry in order to connect the addition to the present building, thereby putting the applicant and intervener to great additional and unnecessary expense, besides depriving it of the increased floor area, without any resulting benefit to petitioners, besides giving a jumbled appearance to the architecture of the neighborhood. *Eleventh.* The plain intendment of said height district exception is to create as far as practicable a uniform height of buildings for a distance approximately 150 feet from Madison avenue, whereas said proposed building when completed will be only 120 feet from Madison avenue. It would be manifestly unjust to limit the westerly extremity of said building when completed to 90 feet in height while the remaining portion thereof is erected 120 feet in height. The mere statement of this proposition is sufficient to indicate that great hardship would be suffered by the owner of the proposed building if the relief sought had been denied. The board gave due consideration to the architectural features in making its finding of hardship. *Twelfth.* It is the unanimous opinion of the defendants, constituting the board of standards and appeals, that the applicant, Vincent J. Slattery Construction Co., Inc., owner, established the basis of its appeal under section 21 of the Building Zone Resolution on the ground of practical difficulties and unnecessary hardships.''

In regard to the scope of the power and jurisdiction of the court in reviewing by certiorari the determination or decision of the board of standards and appeals certain rules have been clearly established. As was stated by Mr. Justice McAvoy in *People ex rel. Werner* v. *Walsh* (212 App. Div. 635; affd., 240 N. Y. 689, without opinion) at page 640 of 212 Appellate Division: " While the court has been given express power to review the determination of the board of appeals and to reverse or to affirm wholly or partly, or to modify the decision brought up for review, and may even take additional evidence upon the hearing, there exists, nevertheless, a presumption in favor of the correctness of the determination arrived at by the board of appeals. In the present case it does not appear from the record that the board abused its discretion, or acted in bad faith, or

that its action was unreasonable, arbitrary, discriminatory, or illegal in refusing to vary the application of the use district regulation; and in such instance we may not substitute the court's determination for that of the duly constituted municipal authority." (See, also, *Matter of Goldenberg* v. *Walsh*, 215 App. Div. 396, 401, dissenting opinion of Mr. Justice McAvoy, which was adopted by the Court of Appeals in reversing the decision of the Appellate Division, 242 N. Y. 576.)

The power to vary the height district regulations is specifically lodged with the board of standards and appeals pursuant to section 21 of the Building Zone Resolution. I am of the opinion that the proof presented before the board of standards and appeals and contained in the record and return to this order of certiorari amply sustains its decision. Under established rules, presumptively, the board has exercised its judgment and discretion wisely, and in the interests of all property owners in the locality, including the petitioner, and the court should not and will not attempt to substitute its judgment in place of that of the board of standards and appeals.

Motion of the respondents to dismiss is granted, and the determination of the board of standards and appeals is confirmed. The injunction order issued herein and dated September 30, 1929, is vacated. Settle order on notice.