WILLIAM HINZMAN, Appellant, v. MARJORIE HINZMAN, Respondent.— Order in so far as it denies motion to modify the award of alimony reversed on the law and the facts, without costs, and motion granted to the extent of reducing the alimony to eight dollars a week; the trial to be stayed until all arrears and alimony to date of trial shall have been paid. We believe the reduction is warranted in view of plaintiff's financial condition as disclosed by the record. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

INTER-COUNTY TITLE GUARANTY AND MORTGAGE COMPANY, Appellant, v. WILLIAM J. BROWN, Respondent. WILLIAM J. BROWN, Respondent, v. INTER-COUNTY TITLE GUARANTY AND MORTGAGE COMPANY, Appellant.—Judgment of the County Court of Nassau county reversed on the law and a new trial ordered, costs to appellant to abide the event. In our opinion, the trial court committed prejudicial error in refusing to charge the jury as requested by the appellant at folios 376–381 and 384–388. Young, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Carswell, J., concur in result.

In the Matter of the Application of FRED. C. BAGGS, Appellant, against HENRY L. CONNELL, Temporary Chairman, and Others, Constituting All the Members of the Board of Standards and Appeals of the City of New York, Respondents, and TENNIS PLACE HOMES CO., INC., Intervenor, Respondent.— Order quashing certiorari order, dismissing petition and confirming determination of the board of standards and appeals unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

In the Matter of the Application of MEYER CHIZNER, Respondent, against WILLIAM E. WALSH and Others, Constituting the Board of Standards and Appeals of the City of New York, Appellants.— Order sustaining certiorari order and annulling the determination of the board of standards and appeals reversed on the law and the facts, with costs, certiorari proceeding dismissed, and the determination reinstated and confirmed. In our opinion the record does not establish that the site, if devoted to conforming uses, would not yield a fair or proper return on the investment. The board of standards and appeals had a discretionary duty in the matter and there is no warrant in the record to ascribe to it an arbitrary determination. The mere fact that variances were granted in other instances in the locality " affords no valid reason " for insisting on a variance in the present case. (People ex rel. Werner v. Walsh, 212 App. Div. 635; affd., 240 N. Y. 689.) (See, also, Matter of Goldenberg v. Walsh, 215 App. Div. 396, at p. 401; revd., on dissenting opinion, in 242 N. Y. 576.) Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.