People ex rel. Sondern *v.* Walsh. No. 1. **193**

Misc.]                 Supreme Court, July, 1919.

The People of the State of New York ex rel. Frederic E. Sondern, Petitioner, *v.* William E. Walsh, Superintendent of Buildings, Borough of Manhattan, City of New York, for a Peremptory Writ of Mandamus, Defendant. (Action No. 1, Hospital Case.)

(Supreme Court, New York Special Term, July, 1919.)

Mandamus — when application for, denied — garage — building zone resolution as amended in June, 1919, § 20.

> Under section 20 of the building zone resolution as amended in June, 1919, in no case, no matter how the measurement may be made, may a garage be lawfully erected or extended for use for more than five cars, within a distance of two hundred feet of a hospital.
>
> Where though a permit for the erection of such a garage within the statutory distance has been issued by the superintendent of buildings under said section of the building zone resolution, an application for a mandamus directing him to revoke the permit will be denied in advance of a review of the action of the superintendent by the board of appeals.

Application for a writ of mandamus.

McKinstry, Taylor & Patterson (Martin Taylor and W. Randolph Montgomery, of counsel), for petitioner.

William P. Burr, corporation counsel (William T. Kennedy, of counsel), for defendant.

McAvoy, J. The question presented requires an interpretation of the provisions of the Building Zone Resolution, section 20 thereof, as amended on June 6

13

and June 20, 1919. The relator contends that a garage, for which the superintendent of buildings has approved plans and issued his permit under said Building Zone Resolution, is within 200 feet of the New York Post Graduate Hospital. Apart from the apparently technical objections to the consideration of the motion, such as that mandamus is not the proper remedy, and that the amendment does not apply to the case at bar, and that the holders of the permit have acted in good faith, the merits are comprised in this proposition: Whether the method of measurement adopted by the relator, who seeks by mandamus to have the superintendent of buildings revoke his permit, is not within the reasonable meaning of the language of section 20 of the Zone Resolution. I assume, therefore, that this is what the parties wish decided, although it may be that the administrative officers require a ruling on whether or not such proceedings in mandamus may be taken before a hearing is had for review of the superintendent's action by the board of appeals. Both matters will be considered. The resolution is in effect that no garage for more than five cars may be erected on any portion of a street between two intersecting streets, in which portion there exists an exit from or an entrance to a public school, or in which portion there exists any hospital maintained as a charitable institution, and in no case within a distance of 200 feet from the nearest exit from or entrance to a public school, nor within 200 feet of any hospital maintained as a charitable institution. It does not seem to need the enlightenment of construction to find that there was an apparent intent to differentiate between the locality of a garage, as compared to the entrance to a public school, and the locality of such garage, as compared to the position or place of a hospital. The language indicates the

difference in its effect, and construction of the language must follow this indication. It seems obvious to me that in no case whatever, no matter how the measurement may be made, is a garage to be erected or extended for use for more than five cars within a distance of 200 feet of any hospital maintained as a charitable institution. This ground, I think, may be taken in reason as well as pure construction, since the intent was to obviate noise, dust, smoke, odors, vapors and other noxious nuisances from coming within any radius within 200 feet of any contiguous wall of a hospital. In regard to the proposition as to whether the court will act by mandamus in the absence of a showing that relief has been asked of the board of appeals from the superintendent's ruling permitting the erection of the garage, I do not think that there is much doubt but that the superintendent may be directed through a mandamus writ to revoke his permit if granted in contravention of his specific authority, and where it is in clear violation of such authority. At least, mandamus may direct him to act according to clear legal duty prescribed by law or regulation adopted in pursuance of law. But since the remedy of revocation lies, too, with the board of appeals, the unrelenting rule of judicial courts is not to rush to mandamus administrative officials until all of their machinery for action has been tried and found wanting by the aggrieved party. Therefore the writ itself is refused, although the construction asked for is given.

Judgment accordingly.