Supreme Court, July, 1919.          [Vol. 108.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERIC E. SONDERN, Petitioner, v. WILLIAM E. WALSH, Superintendent of Buildings, Borough of Manhattan, City of New York, for a Peremptory Writ of Mandamus, Defendant. (Action No. 2, Schoolhouse Case.)

(Supreme Court, New York Special Term, July, 1919.)

Mandamus — when application for, denied — garage — schools — building zone resolution as amended in June, 1919, § 20.

Under section 20 of the building zone resolution as amended in June, 1919, which in part provides that in no case may a garage for more than five cars be erected within 200 feet from the nearest exit from or entrance to a public school, the measurement should be made along the sidewalk from in front of the garage at its nearest entrance to the next means of exit or entrance in the public school building.

When the measurement is so made, the restrictive clause of said section 20 does not apply to the erection of the garage here in question, so far as the school building is concerned, and an application for a mandamus to compel the superintendent of buildings to revoke his permit for the construction of said garage will be denied.

APPLICATION for a writ of mandamus.

McKinstry, Taylor & Patterson (Martin Taylor and W. Randolph Montgomery, of counsel), for petitioner.

William P. Burr, corporation counsel (William T. Kennedy, of counsel), for defendant.

McAVOY, J. This proceeding involves the same section of the Building Zone Resolution referred to in

the previous proceeding under the same title.   The precise point here is as to the method to be adopted in measuring the distance between the exit and entrance of Public School No. 40 and the garage described above, and which it is claimed is 200 feet of such exit and entrance, within the meaning of said section 20 of the Building Zone Resolution as amended June 6, 1919.   The meaning appears obvious that the measurement in this case may not be taken excepting with reference to the use of the entrance and exit to the school.   The intent apparently was to guard the children in their use of exits and entrances to public schools from the danger, caused by the proximity of a garage, through the operation of vehicles near such exits and entrances, and possibly from the danger to be apprehended from fire or explosion near such exits and entrances.   Obviously, then, the measurement should be made along the lines of travel — that is, upon the sidewalk from in front of the garage at its nearest entrance to the next means of exit or entrance in the public school building.   When measured in this manner the restrictive clause in the zone resolution does not apply to the erection of the garage mentioned herein, so far as the school is concerned, and the motion must therefore be denied.   With regard to the remedy, the same ruling will be made here as is made in the companion case decided herewith (108 Misc. Rep. 193) if requested.

Judgment accordingly.