THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE A. BOYD, Relator, *v.* WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, Defendants.

Supreme Court, New York Special Term, April 28, 1925.

Municipal corporations — zoning ordinance — certiorari pursuant to Greater New York charter, § 719-a, to review action of board of appeals in denying relator's application to alter public stable into public garage for storage of more than five automobiles — proposed change claimed by said board to be violative of Building Zone Resolution, § 20, as amended — building located in business district, but on street on which there is public school — Building Zone Resolution, § 20, as amended, giving said board right to prohibit use of any building for purposes of garage for more than five automobiles did not repeal clause in said section requiring board to give due regard to elements of difficulties and hardships — refusal to grant application will work unnecessary hardship on relator — permit for proposed change ordered issued.

The amendment of section 20 of the Building Zone Resolution, giving the board of appeals of the city of New York the right to prohibit the erection of any building for, or change of its use to, a garage for more than five automobiles in a street where there is a public school, did not repeal the clause contained in the first paragraph of the said section requiring said board to give due regard, in a proper case, to the elements of practical difficulties or unnecessary hardships.

Accordingly, upon a certiorari proceeding pursuant to section 719-a of the Greater New York charter to review the action of the board of appeals of the city of New York in denying the relator's application to alter a public stable into a public garage for the storage of more than five automobiles, on the ground that the proposed change would violate section 20 of the Building Zone Resolution, as amended, the determination of said board should be reversed and the permit for the proposed change ordered issued, where it appears that though said building is located on a street on which there is a public school, the block in which it is situated is within the area of a business district given over to a number of similar business establishments, and that unless the proposed change from a stable to a garage be effected, it will impose unnecessary hardships upon the relator in that his property cannot produce a proper return on the investment if continued as a public stable, and unless changed to that of a public garage, the building must be demolished.

CERTIORARI PROCEEDING to review action of board of appeals.

*Phillips, Leibell & Fielding* [*Vincent L. Leibell* of counsel], for the relator.

*George P. Nicholson, Corporation Counsel* [*William T. Kennedy, Assistant Corporation Counsel,* of counsel], for the defendants.

LEVY, J.:

The relator is the owner of premises Nos. 173–177 West Eighty-ninth street in the borough of Manhattan, wherein is located a public stable which he seeks to alter into a public garage for the storage of more than five motor vehicles, in a so-called business district. On the same street there is also a public school. His application for permission to make this alteration was denied by the superintendent of buildings of the borough of Manhattan, on the ground that the proposed change would be violative of section 20 of the Building Zone Resolution, as amended, which, as interpreted by him, prohibited a garage for the storage of more than five cars on a street in which there is a public school. The board of appeals affirmed the decision of the superintendent of buildings and denied the application of the relator, who thereafter procured a writ of certiorari pursuant to section 719-a of the Greater New York charter (added by Laws of 1916, chap. 503, § 6) to have this court review the action of the board.

It is asserted by the relator that section 20 of the Building Zone Resolution of 1916, as amended, is illegal because it violates section 242-b of the Greater New York charter (added by Laws of 1914, chap. 470, as amd. by Laws of 1916, chap. 497, and by Laws of 1917, chap. 601) which requires the board of estimate and apportionment, in regulating and restricting the locations of trade and industries, to " give reasonable consideration among other things to the character of the district, its peculiar suitability for particular uses, the conservation of property values, and the direction of building development in accord with a well-considered plan;" and because the amendment to section 20 was improperly construed by the board of appeals to nullify the general requirement of said section to give consideration to practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of the Building Zone Resolution in a specific instance.

The respondent argues that the 2d paragraph of section 20 of said resolution gave it, as the board of appeals, the absolute right to prohibit the erection of a garage for more than five cars on any portion of a street between two intersecting streets in which there exists an exit from or entrance to a public school, and that its discretion in the absence of abuse thereof should not be interfered with, unless its determination involved an error of law.

It appears, however, that such an assumption by the board of power to disregard the clear direction of the regulations to give consideration to practical difficulties and unnecessary hardships in particular cases was clearly error. The amendment to section 20 gave the right to the board of appeals to prohibit the erection

Supreme Court, April, 1925.                    [Vol. 125

of any building for, or change of its use to, a garage for more than five cars in any district, unrestricted as well as restricted. This amendment did not repeal the requirement contained in the first paragraph of the section, to give due regard, in a proper case, to the elements of difficulties and hardships. At most it established a *prima facie* rule for the guidance of the board, which it was its duty to relax in a situation, like the one here, where peremptory action, without regard to the hardship involved, would practically result in confiscation.

Hence, as was said in *People ex rel. Parry* v. *Walsh* (121 Misc. 631; affd., 209 App. Div. 889): " It does not appear that the board determined the only question it had before it to decide, to wit, whether or not there were practical difficulties or unnecessary hardships in carrying out the strict letter of the law. The determination, therefore, on whatever ground it was made, was illegal within the meaning of the statute. Consequently the matter is before this court on the merits  *  *  * ." (See, also, *People ex rel. Kannensohn Holding Corporation* v. *Walsh*, 120 Misc. 467.)

Considering this matter on the merits, I find that all the evidence points to the fact that it would impose an unnecessary hardship on the applicant to refuse to vary the provisions of the Building Zone Resolution so as to permit him to change the use of his property from a stable to a garage.

The public school in question was erected five years after the relator's stable. At the time the school site was selected the block was given over to public and private stables. At present there are a number of garages on that block, all of them nearer to the school. Said block has been designated by the board of estimate as within the area of a business district. The number of horse-drawn vehicles in the borough of Manhattan, as in the community generally, is steadily decreasing and, therefore, there is comparatively little space needed for stables. Relator's property cannot produce a proper return on the investment if continued as a public stable. Its use must be changed to that of a public garage or else the building demolished. In no wise are these facts challenged. They clearly establish the practical difficulties and unnecessary hardship in strictly enforcing the Building Zone Resolution against relator's property, and thus warrant a relaxation of the strict rule. Accordingly, this court finds that the decision rendered by the board was contrary to the weight of the evidence and was illegal. The writ is, therefore, sustained, the determination of the board reversed, and the permit applied for ordered issued. As the action of the board may not have been in bad faith, costs are not allowed.