In the Matter of the Application of GEORGE A. BOYD, Respondent, for a Certiorari Order against WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, Appellants.

First Department, June 4, 1926.

**Municipal corporations — zoning ordinances — certiorari to review action of board of appeals of city of New York in denying petitioner's application for permission to alter stable into garage for more than five motor vehicles — petitioner's building is within business district and under Building Zone Resolution, art. 2, § 4, petitioner was prohibited from erecting garage — public school building was erected and is maintained opposite petitioner's property — Building Zone Resolution, § 20, as amd. on June 6, 1919, prohibits board of appeals from varying restrictions — said amendment is valid — Greater New York Charter, § 242-b, as amd. by Laws of 1916, chap. 497 and Laws of 1917, chap. 601, is not mandatory — courts will not interfere with proper exercise of discretion by board of appeals.**

The action of the board of appeals of the city of New York in refusing to grant permission to the petitioner to alter a stable into a garage for more than five motor vehicles, which stable is located within a business district, was proper, since it appears that petitioner's stable is opposite a public school building, that section 4 of article 2 of the Building Zone Resolution prohibits the erection of a garage in a business district for more than five motor vehicles and that an amendment of section 20 of the Building Zone Resolution passed on June 6, 1919, absolutely prohibits the erection of a garage or the changing of an existing building into a garage for more than five motor vehicles in any portion of a street between two intersecting streets in which portion there exists an exit from or entrance to a public school, and that petitioner's application was made after the enactment of said amendment.

Said amendment to section 20 of the Building Zone Resolution repeals the authority extended to the board of appeals to vary the provisions of the resolution in cases where practical difficulties or unnecessary hardships stand in the way of carrying out the strict letter of the resolution, where, as in this case, a public school building is maintained within the distance from the proposed garage specified in said amendment.

Said amendment to section 20 of the Building Zone Resolution is valid and is within the strict power conferred upon the board of estimate and apportionment by the Legislature under section 242-b of the Greater New York Charter, as amended.

Under the amendments of section 242-b by chapter 497 of the Laws of 1916 and chapter 601 of the Laws of 1917, which amendments allowed the board of estimate and apportionment to provide for a variation of the Building Zone Resolution by the board of appeals, the power of the board of estimate and apportionment is merely permissive and not mandatory.

Moreover, the courts will not interfere with a proper exercise of discretion by the board of appeals in denying an application to vary a Building Zone Resolution so as to permit the erection of a garage for more than five cars within a business district.

APPEAL by the defendants, William E. Walsh and others, constituting the board of appeals of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of May, 1925, sustaining a certiorari order and annulling a determination of said board of appeals.

*John F. O'Brien* of counsel [*William T. Kennedy* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the appellants.

*Vincent L. Leibell* of counsel [*Valentine Taylor* and *Marks F. Paschkes* with him on the brief; *Phillips, Leibell & Fielding,* attorneys], for the respondent.

MERRELL, J. The proceeding in question was taken to review the action of the board of appeals in affirming a decision of the superintendent of buildings denying the application of the respondent for permission to alter a stable owned by the respondent at 173–177 West Eighty-ninth street in the borough of Manhattan, New York city, into a garage for more than five motor vehicles. The building owned by the respondent was erected as a stable in 1892 and has ever since been used for such purpose. Five years after the erection of the respondent's stable a public school building was erected on the same street nearly opposite the said stable. The school building is still there. In 1914 section 242-b of the Greater New York Charter was enacted, being chapter 470 of the laws of that year. Said statute has since been amended by chapter 497 of the Laws of 1916 and chapter 601 of the Laws of 1917. It has also been amended and re-enacted by chapter 295 of the Laws of 1924. Under this statute the board of estimate and apportionment is authorized to regulate and restrict the location of buildings designed for specific purposes and to divide the city into districts for that purpose. The board of estimate and apportionment, by virtue of the provisions of the statute, included West Eighty-ninth street, where the respondent's stable is located, within a so-called "business district," and imposed regulations for each dis-

trict by designating the uses for which buildings might not be erected or altered. The board of estimate and apportionment, on July 25, 1916, pursuant to the authority conferred upon it by said section 242-b, adopted the Building Zone Resolution. Additional power to enact such Building Zone Resolution was given by section 242-a of the Greater New York Charter (added by Laws of 1914, chap. 470, as amd. by Laws of 1916, chap. 497; Laws of 1917, chap. 601, and Laws of 1924, chap. 295). Section 4 of article 2 of said Building Zone Resolution, as thus enacted and as existent when the determinations herein were made, provides as follows:

" § 4. Business Districts. (a) In a business district no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used, for any of the following specified trades, industries or uses:   *   *   *

" (15) Garage for more than five motor vehicles, not including a warehouse where motor vehicles are received for dead storage only, and not including a salesroom where motor vehicles are kept for sale or for demonstration purposes only." (See Cosby's Code of Ordinances [1924], pp. 625, 626.)

As a part of the same Building Zone Resolution there was at the same time, on July 25, 1916, enacted section 20 thereof, which provides as follows:

" § 20. Rules and Regulations; Modifications of Provisions. The Board of Standards and Appeals, created by chapter 503 of the Laws of 1916, shall adopt from time to time such rules and regulations as they may deem necessary to carry into effect the provisions of this resolution. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution the Board of Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done.   *   *   *." (See Cosby's Code of Ordinances [1924], pp. 636, 637.)

It is the contention of the respondent that, under and pursuant to section 20, above quoted, when there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the resolution, the board of appeals has power, in a specific case, to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare might be secured and substantial justice done, and that such power was not merely permissive, but mandatory upon the board of appeals. Undoubtedly, as the Building Zone Resolution and the Greater New York Charter then stood, the board of appeals had such authority. However, on June 6 and 20, 1919,

the board of estimate and apportionment amended section 20 of the Building Zone Resolution, as originally adopted, by adding the following provision: " No garage for more than five cars may be erected or extended and no building not now used as a garage for more than five cars may have its use changed to a garage for more than five cars on any portion of a street between two intersecting streets, in which portion there exists an exit from or an entrance to a public school; or in which portion there exists any hospital maintained as a charitable institution; and in no case within a distance of 200 feet from the nearest exit from or entrance to a public school; nor within 200 feet of any hospital maintained as a charitable institution.   This protection shall also apply to duly organized schools for children under 16 years of age, giving regular instruction at least five days a week for eight months or more each year, owned and operated by any established religious body or educational corporation.   This limitation on the location of garages shall apply to unrestricted as well as business and residence districts; but in no case shall it apply to cases where applications for the erection or extension of garages or the conversion of existing buildings into garages may be pending before the Board of Appeals at the time of the adoption of this resolution."   The phrases relative to " any hospital maintained as a charitable institution " were inserted on June 20, 1919, when the above added provision was re-enacted, but otherwise the provision was added to said section 20 on June 6, 1919.   (See Cosby's Code of Ordinances [1924], p. 637; Min. Bd. Est. & Apport. City of New York 1919, vol. 4, pp. 2686, 2687, 2969, 2970.)   All of the provisions aforesaid were re-enacted in sections 4 and 21 of the Building Zone Resolution of October 3, 1924, as amended.   (See Cosby's Code of Ordinances [1926], pp. 649, 650, 661, 662.)

Notwithstanding the amendment of section 20 by the board of estimate and apportionment on June 6, 1919, the respondent contends that the power to vary the provisions of the resolution in cases where practical difficulties or unnecessary hardships stand in the way of carrying out the strict letter of the resolution still remains with the board of appeals.   It seems to me, however, that the fair import of the amendment made by the board of estimate and apportionment on June 6, 1919, was to take away from the board of appeals any power to vary the provisions of the resolution in such a case as that at bar where it is sought to change a building not theretofore used as a garage for more than five cars into a garage for more than five cars upon a street occupied by a public school or a hospital maintained as a charitable institution.   While under section 20, as it existed prior to the amendment of June 6,

1919, there was undoubtedly authority in the board of appeals to vary the provisions of the Building Zone Resolution in cases where practical difficulties or unnecessary hardships existed and in harmony with its general purpose and intent, I am of the opinion that by implication the amendment of June 6, 1919, repealed and took away such power so far as it related to a garage for more than five cars upon a street where a school or hospital existed. I think that by such amendment adopted by the board of estimate and apportionment a clear intent was manifested to deprive the board of appeals of any power to vary the application of the strict letter of so much of the Building Zone Resolution as forbade the erection of a garage for more than five cars on a school street, even though in a specific case practical difficulties or unnecessary hardship might exist. I am, therefore, of the opinion that the learned justice at Special Term erroneously held that the amendment did not effect a repeal of section 20 as it theretofore existed. (See *People ex rel. Boyd* v. *Walsh,* 125 Misc. 38.)

The respondent makes much of the fact that upon the street in question there are several other garages now in operation accommodating more than five cars, and which have received the sanction of the board of appeals. Permission to operate such garages was granted prior to the amendment of June 6, 1919, and the authority given by the board of appeals, when given, was authorized by law. The application of the respondent was made after the adoption of such amendment. I think by the adoption of the amendment the board of estimate and apportionment clearly indicated the intent to take away from the board of appeals any discretion which formerly existed to permit garages on streets where schools and hospitals existed. I think the amendment was entirely valid and was within the strict power conferred upon the board of estimate and apportionment by the Legislature. By the charter provision the board of estimate and apportionment is given power to prohibit the use of buildings as garages on streets where school buildings are erected in the immediate vicinity, and is authorized by section 242-b of the charter to withhold from the board of appeals power to vary the application of the strict letter of the resolution. There can be no doubt as to the right of the board of estimate and apportionment to regulate the use of specific property within reasonably definite localities. (*Lincoln Trust Co.* v. *Williams Building Corp.,* 229 N. Y. 313, 317, 318; *Biggs* v. *Steinway & Sons,* Id. 320, 323.) In *Matter of McIntosh* v. *Johnson* (211 N. Y. 265) the Court of Appeals upheld as a reasonable exercise of police power an ordinance forbidding a garage within fifty feet of a school building. Such regulation is clearly conferred for

30

the purpose of affording protection to children congregating in the locality of a garage, and who, of necessity, frequently pass the garage and are subjected to the dangers from automobiles entering or leaving the same. I think by its action in amending section 20 of the Building Zone Resolution on June 6, 1919, the board of estimate and apportionment clearly manifested an intent to positively prohibit the erection of garages for more than five cars on a street between intersecting streets where a school or hospital is located.

In any event, the board of appeals was only authorized to vary the strict letter of the resolution in keeping with the spirit, purpose and intent of the law and so that public health, safety and general welfare might be secured and substantial justice done. I do not think the Building Zone Resolution or the Greater New York Charter, even before the amendment, conferred upon the board of appeals an unlimited power to arbitrarily vary the purpose of the Building Zone Resolution. It only gave the board of appeals in specific cases where practical difficulties or unnecessary hardships existed, power to vary the strict letter of the law. Subdivision 5 of section 719 of the Greater New York Charter (Laws of 1901, chap. 466, as added by Laws of 1916, chap. 503) provides that the board of appeals may exercise such power " so that the spirit of the law shall be observed, public safety secured and substantial justice done." (See, also, Greater New York Charter, § 718-d, added by Laws of 1916, chap. 503, as amd. by Laws of 1917, chap. 601; since superseded by New York Local Laws of 1925, No. 13, § 3, amdg. said § 718-d.) Since June 19, 1925, this same power seems to exist in the board of standards and appeals pursuant to section 5 of local law No. 13 of the New York Local Laws of 1925, which amended and superseded subdivision 5 of section 719 of the Greater New York Charter, but said local law No. 13 does not apply to the rights and remedies applicable to this case. (See N. Y. Local Laws of 1925, No. 13, §§ 10, 11.)

I am furthermore of the opinion that the amendment to section 242-b of the Greater New York Charter, which allowed the board of estimate and apportionment to provide for a variation of the Building Zone Resolution by the board of appeals in specific cases in harmony with its general purpose and intent, was merely permissive and was not mandatory, as respondent contends. (*Gilmore v. City of Utica,* 121 N. Y. 561; *People ex rel. Schwab v. Grant,* 126 id. 473; *Waisikoski v. Philadelphia & R. C. & I. Co.,* 173 App. Div. 538.) The statute only gave the board of estimate and apportionment power, by general or specific rules to be included within the Building Zone Resolution, to exercise its discretion as to the subjects over which it would allow the board of appeals to vary the appli-

cation of the Building Zone Resolution. Undoubtedly prior to June 6, 1919, the board of estimate and apportionment exercised such discretion and conferred upon the board of appeals authority to vary any part of the resolution where practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of the resolution existed, and where such variation was in harmony with the general purpose and intent of the resolution, and where substantial justice would be secured. Undoubtedly, in specific cases, the board of appeals was given power to vary the provisions of the resolution, but that power ended with the adoption on June 6, 1919, of the amendment to section 20. The respondent complains that owing to the supplanting of horses and horse-drawn vehicles by the automobile there has ceased to be a demand for a stable in his building, and that unless he can alter the same into a garage, he will suffer financial hardship. Even if this be true, I think any financial advantage to the respondent should give way to the safety of school children.

I do not think the respondent made out a case justifying the board of appeals in granting the permission asked. As I read section 20 of the Building Zone Resolution as it existed when the determination now under review was made, and as it now exists under section 21 of the Building Zone Resolution of October 3, 1924, as amended, the board of appeals had no authority whatever to permit the use of the respondent's building for a garage for more than five cars.

Moreover, I think we are bound by the decision of this court in *People ex rel. Werner* v. *Walsh* (212 App. Div. 635; affd., without opinion, 240 N. Y. 689), where it was held that the courts will not interfere with a proper exercise of discretion by the board of appeals in denying an application to vary the Building Zone Resolution so as to permit the erection of a garage for more than five cars within a business district, and by the decision of the Court of Appeals in *Matter of Goldenberg* v. *Walsh* (242 N. Y. 576) reversing this court on the dissenting opinion of McAvoy, J., in 215 Appellate Division, 396.

I am, therefore, of the opinion that the order of the Special Term annulling the determination of the board of appeals should be reversed, the order of certiorari dismissed, and the determination affirming the decision of the superintendent of buildings reinstated and confirmed.

CLARKE, P. J., FINCH and MARTIN, JJ., concur.

Order reversed, order of certiorari dismissed, and the determination of board of appeals reinstated and confirmed.