In the Matter of the Application of FOURTEENTH STREET WARE-HOUSE CORPORATION, Petitioner, against HARRIS H. MURDOCK and Others, Constituting the Board of Standards and Appeals, Defendants, and LEWIS J. VALENTINE, Police Commissioner of City of New York, Defendant.

Supreme Court, Special Term, New York County, May 10, 1937.

*Lind, Shlivek, Marks & Brin,* for the petitioner.

*Paul Windels, Corporation Counsel [Charles C. Weinstein* and *Francis J. Bloustein* of counsel], for the defendants.

SHIENTAG, J.   The petitioner is a lessee of premises known as 533 East Fourteenth street and 240 Avenue B, in the borough of Manhattan.   The building on the property is a non-fireproof structure located in part on the north side of East Fourteenth street between Avenues A and B, and in part on Avenue B itself. The entrance to the building is wholly on Avenue B, save for a small emergency exit opening on East Fourteenth street.   A public school is also located on the north side of East Fourteenth street between Avenues A and B, approximately 100 feet distant from the westerly wall of petitioner's premises.   The entrance to the school is on East Fourteenth street.

The property which is the subject of this proceeding was formerly occupied as a car barn and it is now proposed to convert it into a public garage for the storage of more than five motor vehicles.

In order legally to change the use of the premises petitioner applied to the commissioner of buildings of the borough of Manhattan for a permit.   The application was denied on November 27, 1936, on the ground that public garages in business districts are unlawful.   (Amended Building Zone Resolution, art. 2.)   Petitioner accordingly appealed to the board of standards and appeals and sought a variance under section 21 of the Amended Building Zone Resolution to permit the existing non-fireproof structure to be occupied as a public garage.   The members of the board inspected the premises and, in connection with the application, held public hearings.   Petitioner was represented by counsel and argued that the variance should be granted because there existed certain

practical difficulties and unnecessary hardships which prevented compliance with the law. Among these petitioner pointed out that although zoned for business the site cannot be used for business purposes; that a garage for the storage of more than five cars is the only practical available use to which the property can reasonably be put; and that petitioner will be deprived of any beneficial or practical use of the property unless the application is granted.

The board of standards and appeals unanimously affirmed the decision of the commissioner of buildings and held that it was prohibited under section 21 of the Amended Building Zone Resolution from granting a variation of the Zoning Law " to permit a garage on the same block between the same two intersecting streets with a duly organized school for children under sixteen years of age."

Petitioner thereupon on March 17, 1937, obtained an order of certiorari to review the determination of the board of standards and appeals and to restrain the police commissioner of the city of New York, pending the determination of the review, from interfering with the operation of the garage. The board now moves to vacate this order.

I am of the opinion that the board of standards and appeals acted in entire conformity with the provisions of section 21 of the Amended Building Zone Resolution. The pertinent portions of that section read: " No garage for more than five cars may be erected or extended and no building not now used as a garage for more than five cars may have its use changed to a garage for more than five cars and no premises may be used for the storage or parking of more than five motor vehicles on any portion of a street between two intersecting streets, in which portion there exists an exit from or entrance to a public school,   *   *   *   and in no case within a distance of 200 feet from the nearest exit from or entrance to a public school."

This provision of the Building Zone Resolution was framed not alone to protect school children from the risk of cars passing into and out of garages, but also to avoid increases in traffic in the affected area, the presence of gas fumes, the existence of a fire hazard and the possibility of an explosion. The provision should receive a construction consonant with the beneficent purpose for which it was enacted. In construing a remedial statute of this kind the court will not resort to the art of the rhetorician, but will be quick to aid the accomplishment of the end for which the statute was designed. The ancient habit of regarding statutes as " alien intruders " in the precincts of the law has long been abandoned. (See Mr. Justice STONE, The Common Law in the United States,

50 Harv. Law Rev. 4, 15.) Whatever uncertainty there may exist in the meaning of this provision should be resolved in favor of the safety of school children for whose protection it was enacted.

The statute is concerned with two distinct situations. The first deals with that portion of a street that lies between two two parallel streets that intersect it. If an entrance to a school is situated on either side of such portion of the street, no garage may be located on either side of that street no matter what its distance from the entrance to the school may be. This is true whether the garage has its entrance on that portion of the street or not. (*Matter of Boyd* v. *Walsh*, 217 App. Div. 461; affd., 244 N. Y. 512.)

This is the situation with which we are here concerned. Avenues A and B are parallel streets, both of which intersect Fourteenth street. No garage can be established on either side of Fourteenth street between Avenues A and B however distant from the school. This is so even though the entrance to the garage is on Avenue B. Though the risk of cars passing into and out of the garage is thus eliminated, the other hazards still remain.

The other situation covered by the Building Zone Resolution, which is not presented here, arises when the garage is not located on the same portion of a street cut off by parallel intersecting streets as the school is. Thus, for example, suppose that this garage were situated on Fourteenth street between Avenues B and C, the school remaining on Fourteenth street between Avenues A and B. The garage would then be permitted provided its nearest portion was at least 200 feet from the entrance to the school. Other hypothetical situations may be suggested but are of no concern at present.

The board of standards and appeals could not exercise any discretion in the matter and was compelled to deny the application. In *Matter of Boyd* v. *Walsh* (*supra*) MERRELL, J., said: " It seems to me   *   *   *   that the fair import of the amendment *   *   *   was to take away from the board of appeals any power to vary the provisions of the resolution in such a case as that at bar   *   *   *. The board of estimate and apportionment clearly manifested an intent to positively prevent the erection of garages for more than five cars on a street between intersecting streets where a school or hospital is located." From the very nature of the resolution it is clear that the board of estimate and apportionment took into account the positive danger attendant upon school children going to and from school when within close proximity to garages, and, therefore, removed entirely from the discretion of the board of standards and appeals all power to vary the resolutions under any circumstances.

While legitimate business should not be stifled or restricted by unnecessary hardships, such considerations must yield to the greater public interest involved in the maintenance of safeguards for school children.

I am of the opinion that the case of *People ex rel. Sondern* v. *Walsh* (108 Misc. 196) deals with the second of the situations covered by section 21. If, however, it holds anything contrary to what is here decided, I am unable to follow its conclusion.

Accordingly, the motion to vacate the order of certiorari is granted and the application for an injunction *pendente lite* is denied. Settle order.