The property at 1 Odell Avenue, Bayview, Milford, was purchased by William L. Hannon, a real estate broker, and on November 19, 1949, he applied to the defendant board for permission to attach a real estate sign advertising his business. The board, after a hearing, on December 1, granted him permission to attach the sign on the ground that it was necessary in his real estate business and inability to have it would amount to an unnecessary hardship. This is an appeal by property owners in the neighborhood from this ruling.
The property in question is located in a "D" Residential Zone and while there are certain restrictions as to what may be carried on in this zone the ordinance provides for an accessory use in the case of a realtor. There is, however, a further provision that "a billboard, signboard or advertising sign shall in no case be permitted as an accessory use." It is the claim of the plaintiffs that under this restriction the board had no power to grant the requested relief.
The board claims, however, that it had the power under the provision of the ordinance which gave them the right to "vary any requirements of these regulations . . . where there are practical difficulties and unnecessary hardships in the way of carrying out the strict letter of these regulations. . . ."
The power to authorize variations from the general provisions of a zoning regulation is granted for relief in specific and exceptional instances and is to be sparingly exercised. Grady v.Katz, 124 Conn. 525, 529. *Page 502 
The extent of the power has been well expressed in the case of Norcross v. Board of Appeal, 255 Mass. 177, 185, in the following language: "It does not extend to modifications or changes of essential particulars of the scheme of the zoning act. . . . The chief purpose of a zoning statute has relation to the public welfare. The protection of health and safety are important factors. The preservation of the property of others in the neighborhood growing out of established restrictions is a matter of importance. These and numerous other considerations must be weighed in passing upon any appeal. . . . Whether the proposed building will derogate from the intent and purpose of the zoning act is a question which demands insight, vision wisdom."
Zoning ordinances usually provide for expressly stated permitted uses and for expressly stated prohibited uses but there are many uses, neither so permitted nor prohibited. These uses fall within the class of nonconforming uses. The officer charged with issuing a permit for such a nonconforming use may not issue such a permit. It is his duty to deny the application from which an appeal may be taken to the board of appeals and a variance applied for. This was the procedure followed in this case.
The use involved here, however, was not a nonconforming one but one which was expressly prohibited. The ordinance specifically states that an advertising sign "shall in no case be permitted as an accessory use." It seems clear from a reading of this provision that a clear intent was manifested to deprive the defendant board of any power to vary the application of the strict letter of the ordinance even though in a given case practical difficulties or unnecessary hardship might exist.
The defendant board may not grant a variance where the use applied for is expressly or impliedly prohibited by the zoning ordinance. To grant such power would be authorizing the board to amend, repeal or suspend a provision of the ordinance thus conferring upon it legislative power. It would be giving to the board the arbitrary power of determining whether certain specific provisions should be enforced thus permitting discrimination. It would permit the board in its discretion to annul and vary the ordinance itself instead of confining it to the application of regulating provisions. The power to vary is limited to such variations as are in harmony with the general purpose and intent and do no violence to its spirit. The board in this case *Page 503 
exceeded its powers. Matter of Boyd v. Walsh, 217 App. Div. 461,216 N.Y.S. 242; Lee v. Board of Adjustment, 226 N.C. 107; 168 A. L. R. 1 and 13 for authorities.
The defendant board also based its decision on "unnecessary hardship." It could hardly make such a finding in view of the fact that when the property was purchased it was with full knowledge that it was located in a zone wherein such a use was specifically prohibited. Devaney v. Board of Zoning Appeals,132 Conn. 537.
A review of the evidence and conclusions reached fails to disclose any basis for the action of the board and its action in granting the permit was arbitrary, illegal and in abuse of its discretion.
 The appeal is sustained.