Emmett J. Schnepp, J.
In this article 78 proceeding petitioner seeks an order annuling the determination of the respondent, which granted a use variance authorizing the construction of a department store in an area designated by the Town Board of the Town of Greece as a “ Temporary Flood Control District ”. (Zoning Ordinance of the Town of Greece, >§ 39-31D.)*
The application for a permit had been previously denied by the Building Department of the Town of Greece because of the provisions of section 39-31. The property consists of approximately 13 acres of vacant land and the site is located in a zoning *739 district classified as General Business B-3, in which retail stores are permitted use with the approval of the planning board. (§ 39-13.) Petitioner’s property is located in the flood control district, within 200 feet of applicant’s property.
Section 39-31 entitled “ Building moratorium in flood-prone areas ” was adopted on August 21,1973 for the express purpose to allow town residents to continue to qualify for flood insurance under the national act; to prevent the building of permanent structures in areas subject to flooding and other purposes related to the public health, safety and welfare and to continue the 11 prohibition of buildings ’ ’ within this area 1 ‘ until a study delineating the flood-prone areas, which is presently being conducted, can be completed, maps can be drawn in accordance with the completed study and the appropriate ordinances and local laws enacted to regulate the development of the areas of the Town of Greece which are subject to periodic flooding.” The ordinance prohibits the erection of a structure below the elevation of 255 feet and the filling of land in described areas. It appears that the subject property is located above the designated elevation. However, a “ Temporary Flood Control District ” was created including the area designated “ Mr ” as shown on maps compiled as part of a soil survey by the Federal Soil Conservation Service and New York State Agricultural Experimeental Station, in which area the property is partially located. The ordinance further provides that soil designated “ Mr ”, among other designated types of soil, has a “ flood 'hazard ”, provides that no building or structure shall be built within the described “ Temporary Flood Control District ” and that 11 while the frequency, duration and extend of flooding may vary, flooding hazards are deemed by the Town Board to be of such a degree that buildings should not be located upon them.” (§ 39-31 D.) This moratorium was determined to be effective for one year from the effective date of the ordinance (§ 39-31 G), and1 by action of the town board was extended until August 21,1975.
Public hearings were held on the application on August 19, 1974 and September 9,1974 on which date it was approved. The formal findings of fact issued by respondent, after the decision was rendered, set forth in substance that the southern part of the subject property was within the “ Mr ” district, that the area was relatively small in relation to the entire “ Mr ’.’ district, that alternative foundation treatments described in a report before the board avoid the deficiencies of “ Mr ” soil and that the plans submitted will control the discharge of storm *740 waters from the premises and have “ no practical effect on area drainage ”, among other things. Before the board were reports of |he town engineer, a grading and utility plan, a soils and foundation report and the Monroe County Department of Planning.
It is the contention of petitioner that, among other things, the respondent was without authority to grant a variance from the specific safety requirements described in the temporary flood control district, that action by the town board rather than the zoning board is required and in any event, that there was no proof of hardship to justify the granting of the variance and no adequate findings were made. Among other defenses, respondent alleges that petitioner is not a person aggrieved by the decision and has no right or standing to contest the legality of the action by the respondent and has shown no prejudice by the granting of the variance.
The court is cognizant of the admonition by the Court of Appeals of “ the apparent readiness of our courts in zoning litigation to dispose of disputes over land use on questions of standing without reaching the merits, an attribute which is glaringly inconsistent with the broadening rules of standing in related fields ” and its heightened concern “ because of the particular need in zoning cases for a broader rule of standing.” (Matter of Douglaston Civic Assn. v. Galvin, 36 N Y 2d 1, 6.) The record adequately demonstrates that petitioner has standing to bring this proceeding and has been adversely affected by the administrative determination and this defense is dismissed.
This ordinance was enacted, among other things, to protect the public health, safety and welfare and afford protection to the properties, which may be subject to dangers from flooding. No claim is made that the prohibitions contained in this ordinance were not justified under the police poAver of the town.
The main question for determination relates to the authority vested in the Zoning Board of Appeals .to grant the variance, in view of the prohibitions set forth in the ordinance. Generally it may be stated that although a legislative body cannot abdicate its legislative functions nor delegate to another body the power to make the law, it may nevertheless delegate to a subordinate body the poAver to effect and administer its laws ‘ ‘ where the legislative body has formulated a standard reasonably clear to govern the action of such subordinate body ”. (2 Bathkopf, The Law of Zoning and Planning [3d ed.’l, pp. 38-2-38-3.) No such standards are formulated in this ordinance, and the provisions of section 267 of the Toavo Law, describing *741 the powers and duties of the respondent Zoning Board of Appeals (§ 39-24), cannot be construed as a substitute for such standards.
A clear intent was manifested by the express language of the ordinance that the town board reserved to itself any power to modify the ordinance or regulate the development of the described areas in the town which it deemed were subject to periodic flooding. (Cf. Board of Educ., Union Free School Dist. No. 17 v. Wolf, 10 A D 2d 713; Matter of Boyd v. Welsh, 217 App. Div. 461, affd. 244 N. Y. 512.) It did not delegate the power to determine the methods necessary to avoid the deficiencies in the soil in the flood hazard areas in order to permit the erections of buildings or structures. Further, the prohibitions were designed to exist until appropriate town ordinances were enacted, and no evidence was submitted to .the court that the study contemplated by the town board had been completed or that any action whatever was taken by the legislative body based upon such a contemplated study. The town board’s determination that because of the “ flood hazards ” in the designated soil areas, “ buildings should not be located upon them ” was absolute. The ordinance is designed to prohibit the erection of structures below the elevation of 255 feet, the filling of land in the described area, and, because of the hazards of flooding in the flood control district, the erection of any building or structure on the types of soil designated. The granting of the variance, even in view of the engineering studies before the board, violates the general purpose of the ordinance and invades the province of the town board. (Van Deusen v. Jackson, 35 A D 2d 58, affd. 28 N Y 2d 608.)
The variance here works a major change in the plan enunciated by the town board in the building moratorium and violates the general purpose of the ordinance. Accordingly, it is held that the respondent was without authority to grant the variance in question and its action exceeded its jurisdiction and is annulled. In view of this holding it is not necessary to pass upon petitioner’s other contentions.

 Section references herein are to the Zoning Ordinance of the Town of Greece,