In the Matter of the Application of ——————— AMMANNA, Petitioner, for an Order of Mandamus against WILLIAM E. WALSH and Others, Constituting the Board of Standards and Appeals, and Another, Defendants.

Supreme Court, Bronx County, March 19, 1930.

*William R. Altman*, for the petitioner.

*Sobel & Brand*, for intervening defendants.

*Arthur W. Hilly*, for William E. Walsh, defendant.

CALLAHAN, J. This is a certiorari proceeding to review a determination of the board of standards and appeals granting a permit for the erection of a garage on the premises Nos. 3220–3238 Webster avenue, borough of The Bronx, New York city. The premises are located in a business area. The application was for variation of use under sections 7-g and 21 of the amended building zone resolution. It was filed on July 11, 1927, and denied on December 27, 1927, reopened April 9, 1929, and heard on May 21, 1929. A prior application was denied on June 27, 1927, affecting the same property. Such prior application was based on section 21 of said building zone resolution, which involves a claim of hardship or practical difficulty. The board of standards and appeals having denied the application on the theory of hardship or difficulty was plainly proceeding under the present application under section 7-g on the theory that the applicant had obtained adequate consents. The resolution herein states that, " Whereas, the application is predicated on the rule of exception, section 7, subdivision g of the building zone resolution, and in accordance therewith applicant had on file at the time of this hearing more than 80 per cent. consents of the affected property owners within an area deemed affected and fixed by the board. Resolved," etc. The determination was, therefore, solely on the basis that the applicant had furnished the required consents. (*Matter of Sloane* v. *Walsh*, 245 N. Y. 208, at p. 213.) The record shows that the area fixed by the board as the zone affected contained a total frontage of 2,746.3 feet; eighty per cent thereof would be 2,197 feet. Included in the zone is a narrow corner lot directly opposite the site of the proposed garage which lot fronts on both Webster avenue and Parkside place with a total frontage of 1,076.5

feet. The applicant claimed that this lot was owned by the city of New York. In the rear of the proposed site is a railroad right of way having a frontage of 326.5 feet in the zone fixed. As to the corner opposite the garage site there is no proof in the record that it is owned by the city. The applicant filed with the board what he claimed was a consent as to this parcel which was executed by the commissioner of public works of the borough of The Bronx of the city of New York. This document, which is in the form of an affidavit, states that the affiant, the commissioner of public works, " is the said property under jurisdiction, Com. Pub. Works." There is no proof to show in whom the title to the property was vested. The said document stated that the said commissioner of public works consents that the garage in question be erected. As to the railroad right of way in the rear of the property, the paper purporting to be a consent used before the board of standards and appeals appears to be a letter from a land and tax agent of the New York Central Railroad Company which stated that that company had no objection to the erection of the garage. Section 7-g provides that *consents duly acknowledged of the owners* of eighty per cent of the frontage of the property deemed to be immediately affected shall be filed. Upon the hearing of this motion the court ordered further testimony taken. It was conceded at the said hearing that the New York and Harlem Railroad Company and not the New York Central Railroad Company was the owner of the railroad right of way. A new consent by the New York and Harlem Railroad Company, properly acknowledged, was offered in open court upon the hearing. The court at the said hearing requested counsel for the defendant owner to submit proof showing in whom the title to the corner premises for which the commissioner of public works purported to consent was vested. No such additional proof was filed. The position taken by the owner defendant on the hearing before the board was that the title to the corner of Parkside place and Webster avenue vested in the city of New York, there being various claims that it was taken by the city for park purposes and that it had been taken over by the city for non-payment of taxes. However, there is no adequate proof in the record that the city of New York ever owned or now owns the property in question. Assuming that such proof had been submitted, it is quite evident that the commissioner of public works of the borough of Bronx would have no authority to consent to a garage on behalf of the city of New York. (Greater New York Charter, § 383, as amd. by Laws of 1921, chap. 170.) He is not the owner of the property nor is he the proper official to execute such consent on behalf of the city of New York. Giving credit for all other

consents claimed, but excluding from the consents filed herein both the consent filed by the agent of the New York and Harlem Railroad Company and that purporting to be executed by the commissioner of public works, there remain consents of only thirty-nine per cent of the property affected. Including the consent of the railroad company, but excluding that of the commissioner of public works, there was only fifty per cent consents of the property affected. The board of standards and appeals, therefore, had no authority to grant this application based upon section 7-g of the amended building zone resolution as the required number of consents was not filed. I might add that the record shows that both the engineers of the board and the attorneys for the owner conceded before the board that there might be some doubt as to the validity of the consent filed by the commissioner of public works. As a matter of fact there is no doubt but that it was without legal force. Assuming this application had been decided under section 21 as well as section 7-g, the board of standards and appeals could not, under section 21, vary the requirement as to eighty per cent consents to the extent or for the reasons appearing here. (See *Matter of Esdora Realty Co.* v. *Walsh,* 136 Misc. 476, decided herewith.) The petition is sustained. The determination of the board reversed and application denied. Submit order.