In the Matter of the Petition of LESTER C. GILMAN to Compel MABEL R. HUNNEWELL to Render and Settle Her Account as Administratrix of RALPH F. GILMAN, Deceased. MABEL R. HUNNEWELL, as Administratrix, etc., Appellant; LESTER C. GILMAN, Respondent.— Decree of the Surrogate's Court of Kings county unanimously affirmed, without costs. We are of the opinion that the agreement relied upon is invalid. Lazansky, P. J., Rich, Hagarty and Carswell, JJ., concur; Kapper, J., concurs on the ground that the prior allowance under the agreement precluded any further allowance.

In the Matter of the Application of REVORG REALTY COMPANY, INC., a Domestic Corporation, for a Certiorari Order, Respondent, against WILLIAM E. WALSH, HENRY L. CONNELL, JAMES P. HOLLAND, JOHN GUILFOYLE and Fire Chief JOHN KENLON, Constituting the Board of Standards and Appeals of the City of New York, Appellants.*— Order annulling the determination of the board of standards and appeals reversed upon the law and the facts, with fifty dollars costs, certiorari order dismissed and the determination of the board of standards and appeals reinstated and confirmed. The board denied the application of the respondent to erect and maintain a gasoline service station upon a triangular plot of land on Northern boulevard, borough of Queens, city of New York. The court at Special Term reversed the decision of the board upon the ground that the board gave little consideration to the question of "practical difficulties or unnecessary hardships ▮ and that it arrived at its determination without stating facts in support of its conclusions. Photographs and blueprints of the property in question and vicinity, showing the physical conditions, are some evidence of the existing conditions and justify the board in the conclusion reached. There being no convincing proof that it is impossible to use the property for any other purpose than a gasoline service station, respondent has not shown practical difficulties or unnecessary hardships sufficient to exempt it from the general rule. The "presumption in favor of the correctness of the determination arrived at by the board of appeals" has not been negatived by the record. (*People ex rel. Werner* v. *Walsh*, 212 App. Div. 635, 640; affd., 240 N. Y. 689.) Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

In the Matter of the Application of HANS A. WENZEL, Petitioner, for an Order of Certiorari against JOSEPH A. WARREN, as Police Commissioner of the Police Department of the City of New York, Respondent.— Determination annulled and relator reinstated, with fifty dollars costs and disbursements. We are of opinion that the determination of the commissioner was based not upon facts but upon conjecture and surmise, and that the determination was without evidence to support it. Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ., concur.