BEATRICE J. HOPKINS, Respondent, v. TIDE WATER OIL SALES CORPORATION, Appellant.— Action by plaintiff to recover $1,000 paid by her to defendant as the result of fraudulent representations made to her by defendant's employees.— Judgment in favor of plaintiff unanimously affirmed, with costs. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

In the Matter of the Application of BARNETT LEVY, Respondent, against THE BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK and Others, Appellants.*— Order denying motion to dismiss certiorari order and annulling determination of the board of standards and appeals granting application of appellant T. H. Fraser Mortgage Corporation for a variance in a building zone resolution so as to permit the erection and maintenance of a gasoline service station on premises at the southwest corner of Atlantic avenue and Boerum place, in the borough of Brooklyn, city of New York, reversed on the law and the facts, with costs, certiorari proceeding dismissed, and the determination of the board of standard and appeals reinstated and confirmed. There was sufficient evidence before the board of standards and appeals to justify its determination. Photographs and blueprints are some evidence. (Matter of Revorg Realty Co., Inc., v. Walsh, 225 App. Div. 774; affd., 251 N. Y. 516.) The board's action " is not limited to cases where witnesses have been heard. Without any witnesses at all, it may act of its own knowledge, for, * * * it is made up of men with special qualifications of training and experience." (People ex rel. Fordham M. R. Church v. Walsh, 244 N. Y. 280, 287.) The power of review in zoning law cases should be exercised cautiously by the court at Special Term and it " is not to substitute its own discretion for that of the administrative agency established by the statute in a situation where the exercise of discretion is possible." (People ex rel. St. Albans-S. Corp. v. Connell, 257 N. Y. 73, 80, 81.) " The board of standards and appeals had a discretionary duty in the matter and nothing appears in this record from which it may be said that it reached an arbitrary determination." Its action must, therefore, be sustained. (Matter of New York & Richmond Gas Co. v. Connell, 242 App. Div. 691.) Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ., concur.