The People of the State of New York ex rel. Witherbee Black, Respondent, v. William B. Randall and Others, Constituting the Board of Appeals on Zoning of the Village of Pelham Manor, Joseph S. Carreau, Matthew G. Ely, Christopher T. Chenery, Elmore F. Higgins, Perrin C. Galpin, Ward V. Tolbert, Loring N. Farnum, W. R. Bull, W. S. Dowdell and the Pelham Manor Association, Inc., Appellants.

Second Department, June 10, 1938.

J. Lester Albertson [Frederic P. Gage with him on the brief], for the appellants Randall and others.

William L. Ransom [Edwin D. Kyle, Jr., with him on the brief], for the appellants Carreau and others and the Pelham Manor Association, Inc.

William F. Bleakley [Leo G. Fritz with him on the brief], for the respondent.

PER CURIAM. Certiorari proceeding pursuant to Village Law (§ 179-b) to review a determination of the officials constituting the board of appeals on zoning of the village of Pelham Manor, here appellants, denying to relator a permit to erect an apartment house upon property owned by him. A final order was made at Special Term (1) sustaining the writ; (2) directing that such permit be issued; and (3) granting leave to certain other persons, property owners in the village, also here appellants, to intervene in the proceeding but denying to them permission to furnish further testimony.

So far as the provision denying permission to the intervenors to furnish further testimony is concerned, the court exercised fair discretion. In the remaining phase of the appeals, the use of relator's property, located in Zone 8, was restricted by ordinance to one-family residences. He sought to erect an apartment house. He applied for a building permit, which was denied by the building inspector. He appealed to the board of appeals and applied for a variance (Village Law, § 179-b) to permit such construction. The board properly denied his application upon proofs which amply sustain its determination. The Special Term erroneously substituted its judgment for that of the board. (*People ex rel. St. Albans-S. Corp.* v. *Connell*, 257 N. Y. 73, 80, 81; *Nectow* v. *Cambridge*, 277 U. S. 183, 187; *Matter of Reed* v. *Bd. of Standards & Appeals*, 255 N. Y. 126; *Matter of Goldenberg* v. *Walsh*, 242 id. 576, which reversed on the dissenting opinion of McAvoy, J., therein, 215 App. Div. 396.) A presumption existed in favor of the board's determination. (*People ex rel. Werner* v. *Walsh*, 212 App. Div. 635, 640; affd., 240 N. Y. 689; *Matter of Revorg Realty Co., Inc.,* v. *Walsh*, 225 App. Div. 774; affd., 251 N. Y. 516.) It was not overthrown. The village generally, including the vicinity of relator's property, is devoted to high class single family residences. Evidence was offered by the relator before the board, as bearing upon his claim of practical difficulties and unnecessary hardship (Village Law, § 179-b), that his property was suitable only for an apartment house. There was also evidence to the contrary. Relator also offered evidence to the effect that the property, if zoned for apartments, would be more valuable. This was true also of neighboring and other property similarly zoned, and was not peculiar to the relator's property. The board's determination adverse to the relator was, therefore, justified. (*Matter of Reed* v. *Bd. of Standards & Appeals, supra; Y. W. H. Assn.* v. *Bd. of Standards & Appeals*, 266 N. Y. 270.) The court should preserve and enforce rather than limit the legislative function

of local zoning authorities, and should not allow to an individual special privileges denied to others similarly situated. (*Matter of Ward* v. *Murdock*, 247 App. Div. 808; *Matter of Halpert* v. *Murdock*, 249 id. 777; *People ex rel. Arverne Bay Construction Company* v. *Murdock*, 271 N. Y. 631.) As was stated in *Matter of Ward* v. *Murdock* (*supra*, at p. 808): " If the present application should be allowed because the property involved adjoins an unrestricted district, all other owners thereafter in the same situation would be entitled to like relief, and soon the purpose of the zoning regulation would be entirely defeated."

The final order sustaining the certiorari writ and reversing the determination of the board of appeals on zoning should be reversed on the law and the facts, with separate bills of costs to the board of appeals on zoning and to the intervenors-appellants, writ of certiorari dismissed and the determination of the board reinstated and confirmed. The appeal by the intervenors-appellants from that part of the final order which denies them permission to furnish further testimony should be dismissed.

LAZANSKY, P. J., DAVIS, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Final order sustaining writ of certiorari and reversing the determination of the board of appeals on zoning reversed on the law and the facts, with separate bills of costs to the board of appeals on zoning and to the intervenors-appellants, certiorari proceeding dismissed and the determination of the board reinstated and confirmed. Appeal by the intervenors-appellants from that part of the final order which denies them permission to furnish further testimony dismissed.