Bernard S. Meyer, J.
This article 78 proceeding seeks a review of a decision by the Zoning Board of Appeals of the respondent village, which denied petitioner’s application for what he contends was a special type of variance in the nature of a special exception.
Previously and in April, 1959 petitioner had applied to the Village Board of Trustees itself for a change of zone and this application was denied on June 16, 1959, after a public hearing, *575 but by stipulation made herein, the record in that case was made a part of the record in the instant case.
In the present proceeding the petitioner invokes article XIX (§ 1901, subd. [b]) of the Building Zone Ordinance of the Village of Hempstead, which reads as follows: “ (b) Where a district boundary line divides a lot in a single and separate ownership, the Board of Appeals, if practical difficulties and unnecessary hardship are shown, may permit the less restricted use to extend to the whole or any part of such lot in conformity with the general standards set forth in this article.”
Petitioner’s parcel is a single plot in separate ownership situated on the south side of Front Street, Hempstead, having a frontage of 156 feet on said street. The easterly side line is 524 feet long and the westerly side line 615 feet. The vertical distance between these lines is 125 feet, the difference between this figure and the frontage, being accounted for by the fact that the parcel is positioned at an angle to Front Street.
The plot is zoned for business use to a depth of 100 feet and the balance is zoned Residence Triple A.
Petitioner proposes to build a garden apartment on the site to accommodate 72 families. This is a permitted use in the business sector, but is a prohibited use in the rear section, comprising over 80% of the whole plot.
When this matter first came before the court on December 3, 1959, it was sent back to the respondents for the purpose of making detailed findings. These findings, 24 in number, are now before the court and thus the controversy is now presented for determination on the merits.
Superficially this case is like Matter of Reed v. Board of Stds. & Appeals (255 N. Y. 126), where the board was sustained after having granted a variance to extend a proposed theatre use 25 feet into an adjoining residence zone. The main activity was to be carried on in a 100-foot parcel which was zoned for business and in such district a theatre was a permitted use. This was held to have been a proper exercise of discretion as a use district exception, where the test is: Can the general purpose of the zoning law be respected and the more restricted district safeguarded? This differs from a true variance where “ unnecessary hardship” must be shown and where it is sufficient ground for denying the variance, to show that the property can be profitably employed without it.
It will be noted that the ordinance in the present case quoted above, by its very terms precludes this application from being treated as a special exception, since it requires a showing of both ‘1 practical difficulties ’ ’ and 1 ‘ unnecessary hardship ’ ’ and *576 therefore essentially, adds nothing to the g’eneral powers to the same effect which the Board of Appeals already had under section 179-b of the Village Law.
About all that was shown at the two hearings held in this matter is that petitioner could realize more money for the parcel, if he were permitted to devote it to an apartment house use. This is true in most instances of this kind but that is not enough to justify a variance.
There was absolutely no showing that no practical, profitable use could be made of the property without the variance sought.
Since no effort has been made to develop the property in accordance with the zoning, the present proceeding does not reach the question whether petitioner would be entitled to a variance in the width of a road which would be required to reach the rear of the property if it were devoted to a residential use, and that question is not passed upon.
It cannot be said that the decision of respondent was arbitrary and capricious, or that it abused its discretion in denying an application to devote the major portion of petitioner’s parcel to a nonconforming use. In a similar case, People ex rel. Black v. Randall (254 App. Div. 310) the Special Term’s annulling of the Zoning Board’s decision denying a variance was itself reversed. In fact it is at least doubtful whether the granting of the application would have been sustainable under the test laid down in Matter of Steers v. Rembaugh (259 App. Div. 908, affd. 284 N. Y. 621) since insofar as the village controls the zoning, this whole area is zoned for high class residences. Application denied.